# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES GLAVAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | Case No.  1:19-cv-00980-JPO |
| CHRIS HUBNER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | Case No. 1:19-cv-02308-JPO |
| BOB BISHOP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | Case No. 1:19-cv-02722-UA |

**MEMORANDUM OF LAW IN SUPPORT OF XINYING GONG'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Xinying Gong ("Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Movant as Lead Plaintiff under 15 U.S.C. §78u-4(a)(3)(B); (3) approving Movant's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   FACTUAL BACKGROUND[1]

This is a putative federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased or otherwise acquired the securities of Revolution Lighting Technologies, Inc. ("Revolution" or the "Company") between March 14, 2014 and November 14, 2018, inclusive. The lawsuit seeks to pursue remedies against Revolution and certain of its officers and directors for violations of federal securities laws.

On October 17, 2018, the Company reported preliminary financial results for third quarter 2018 with revenue expected to be $33 million, compared to guidance of $40-$41 million. The Company also announced that its CEO had offered to acquire all of the common stock of the Company for a price of $2.00 per share.

On this news, the Company's stock price fell $0.98 per share, or over 38%, to close at $1.58 per share on October 17, 2018, on unusually heavy trading volume.[2]

---

[1] Factual background section adapted from the allegations in the complaints filed in the above captioned actions.

[2] The Company's stock traded on a split-adjusted basis following a one-for-ten reverse stock split, effective March 11, 2016. All references to the stock price herein reflect the post-split price.

On October 19, 2018, the Company disclosed "an ongoing investigation by the SEC regarding certain revenue recognition practices, including bill and hold transactions that occurred between 2014 through the second quarter of 2018."

On this news, the Company's stock price fell $0.16 per share, or over 10%, to close at $1.43 per share on October 22, 2018, on unusually heavy trading volume.

Then, on November 14, 2018, the Company announced that its Transaction Committee was considering an updated proposal from Defendant LaPenta to acquire all of the Company's outstanding stock for $1.50 per share, referring in part to the SEC investigation as part of the reason Mr. La Penta wished to take the Company private.

On this news, the Company's stock price fell $0.55 per share, or nearly 40%, to close at $0.85 per share on November 15, 2018, on unusually heavy trading volume.

The complaints filed in this class action allege that throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company was improperly recognizing revenue for certain transactions; (2) that, as a result, the Company's financial statements were misstated; (3) that the Company lacked adequate internal controls over financial reporting; (4) that, as a result, Company would be subject to regulatory scrutiny and incur substantial costs; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II.   PROCEDURAL HISTORY

Plaintiff James Glavan commenced the above-captioned action against Revolution on January 31, 2019 in the United States District Court, Southern District of New York, *Glavan v. Revolution Lighting, Technologies, Inc. et al*, Case No. 1:19-cv-00980-JPO. That same day, counsel for Plaintiff Glavan published a notice on *Business Wire*, announcing that a securities class action had been initiated against Defendants herein.

Subsequent to the filing of the *Glavan* complaint, two other actions were commenced in this District, alleging similar claims against the same defendants as the *Glavan* complaint: *Hubner v. Revolution Lighting, Technologies, Inc. et al,* Case No. 1:19-cv-02308-JPO (S.D.N.Y. March 14, 2019); *Bishop v. Revolution Lighting, Technologies, Inc. et al,* Case No. 1:19-cv-02722-UA (S.D.N.Y. March 26, 2019).  (*Glavan*, *Hubner* and *Bishop* are collectively referred to as the "Related Actions").

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Pursuant to Federal Rule of Civil Procedure Rule 42(a), consolidation is proper when actions involve common questions of law and fact.  *See Johnson v. Celotex Corp*., 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar legal and factual issues, as they all involve the same subject matter and allege the same causes of action.  Each case alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the

same allegedly wrongful course of conduct.  Because the Related Actions arise from the same facts and circumstances, and assert the same theories of liability, consolidation will conserve scarce judicial resources and is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

### B.  Movant Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §§ 77z–1(a)(3)(B) and 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing a Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

4

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation, and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Movant Filed a Timely Motion

On January 31, 2019 pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Plaintiff Glavan published a notice of the pendency of Plaintiff's case on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants herein and advising purchasers of Revolution securities that they had the right to file a motion to be appointed as lead plaintiff. *See* Declaration of Lesley F. Portnoy ("Portnoy Decl.") at Exhibit ("Ex.") A; *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-63 (D. Mass. 1996) (publication on a national wire service satisfies the PSLRA notice requirement).

Movant timely filed this motion within the 60-day period following publication of the January 31, 2019 PSLRA notice, and submits herewith his sworn certification and attests that he is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Portnoy Decl., Ex. B. By making a timely motion in

5

response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).  At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movant purchased Revolution securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of approximately $410,829.00.  *See* Portnoy Decl., Ex. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss.  Movant believes he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.  *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

6

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010).   At the lead plaintiff stage of the litigation, a Movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements.  *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a.    Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Revolution's business, operations, and financial prospects violated the federal securities laws.  Movant, like all of the members of the Class, purchased Revolution's securities

7

in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Portnoy Decl., Ex. C. Movant is not aware of any conflict between his claims and those asserted on behalf of the Class.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Portnoy Declaration as Exhibit D. Thus, the Court

8

may be assured that, by granting Movant's Motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court grant his Motion and enter an Order (1) consolidating the related actions; (2) appointing Movant as lead plaintiff; (3) approving Movant's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 1, 2019                    **GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Lesley F. Portnoy*
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lportnoy@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*[Proposed]Lead Counsel for Movant and the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel for Movant*

## PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On April l, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 1, 2019, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy