**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movants and Class*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | CASE No.: 1:19-cv-00980-JPO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PATRICK AND WENDY GRAHAM TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | **CASE No.: 1:19-cv-02308-JPO**<br><br>**CLASS ACTION** |

*Captions Continue on Following Page*

1

| | |
|---|---|
| BOB BISHOP, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>    Defendants. | **CASE No.: 1:19-cv-02722-UA**<br><br>**CLASS ACTION** |

Plaintiffs Patrick and Wendy Graham ("Movants") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the above-captioned actions;

(b)    appointing Movants as Lead Plaintiffs for the class of all purchasers or acquirers of Revolution Lighting Technologies, Inc. ("Revolution Lighting" or the "Company") securities between March 14, 2014 and November 14, 2018, both dates inclusive (the "Class Period"); and

(c)    approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

The first of the related actions, *Glavan v. Revolution Lighting Technologies, Inc., et al.,* Case No. 1:19-cv-00980-JPO, was commenced on January 31, 2019 against the Company and certain of its officers, and directors, for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was issued advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their

2

option to seek appointment as Lead Plaintiff. *See,* Ex. 1 hereto. The related actions, *Hubner v. Revolution Lighting Technologies, Inc., et al.*, Case No. 1:19-cv-02308-JPO and *Bishop v. Revolution Lighting Technologies, Inc., et.,* Case No. 1:19-cv-02722-UA, were filed on March 14, 2019 and March 26, 2019, respectfully, alleging the same Exchange Act allegations against the same defendants and alleging the same Class Period.

Revolution Lighting designs and manufactures light-emitting diode ("LED") lighting solutions for the industrial, commercial, and governmental markets. The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Revolution Lighting was improperly recognizing revenue for certain transactions; (2) as a result, Revolution Lighting's financial statements were misstated; (3) Revolution Lighting lacked adequate internal controls over financial reporting; (4) as a result, Revolution Lighting would be subject to regulatory scrutiny and incur substantial costs; and (5) as a result of the foregoing, Defendants' positive statements about Revolution Lighting's business, operations, and prospects and prospects were materially misleading and/or lacked a reasonable basis.

On October 17, 2018, Revolution Lighting reported preliminary financial results for the third quarter of 2018 with revenue expected to be $33 million, below the previously announced guidance of $40-$41 million. The Company also announced that its Chief Executive Officer, Defendant Robert V. LaPenta, offered to acquire all of the common stock of Revolution Lighting for $2.00 per share. On this news, shares of Revolution Lighting plummeted $0.98 or over 38%, to close at $1.58 per share on October 17, 2018, on unusually heavy trading volume.

Then, On October 19, 2018, the Company disclosed that there was on ongoing investigation by the U.S. Securities and Exchange Commission ("SEC") "regarding certain revenue recognition practices, including bill and hold transactions that occurred between 2014

3

through the second quarter of 2018." In the Company's press release, it stated that the estimated impact on revenue of an accounting policy "based on shipment of products, as opposed to bill and hold revenue recognition." On this news, Revolution Lighting's stock price fell $0.16 per share or over 10%, to close at $1.43 per share on October 22, 2018, on unusually heavy trading.

On November 13, 2018, Revolution Lighting filed a Notice of Late Filing on Form 12b-25 with the SEC. The Company said it was unable to timely file its quarterly report for the period ending September 30, 2018 due to its Audit Committee's review of the previously filed financial statements. The following day, Revolution Lighting announced that its Transaction Committee was considering an updated proposal from Defendant LaPenta to acquire the Company's outstanding stock for $1.50 per share. On this news, Revolution Lighting's stock fell $0.55 per share, or almost 40%, to close at $0.85 per share on November 15, 2018, on unusually heavy trading volume.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satsify all three of these criteria, and thus are entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movants Are Willing to Serve as Class Representatives

Movants have filed herewith PSLRA certifications attesting that they are willing to serve as representatives of the class and remain willing to provide testimony at deposition and trial, if

necessary. *See* Ex. 2 hereto. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

### B.  Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). To determine financial interest, courts in the Second Circuit have implemented the four-factor test provided in *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) and adopted by *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286 (E.D.N.Y. 1998). These factors are: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Lax,* 1997 WL 461036, at * 5. Under any of these factors Movants would have the largest financial interest, however, because they have expended a considerable amount of money and held their shares throughout the Class Period, the number of net shares should weigh in their favor. *Cortina v. Anavex Life Scis. Corp.*, No. 15-CV-10162 (JMF), 2016 WL 1337305, at *2 (S.D.N.Y. Apr. 5, 2016); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010) (movant with largest number of net shares and loss presumed to have the largest financial interest).

During the Class Period, Movants, a married couple, collectively: (1) purchased 301,286 shares of Revolution Lighting securities; (2) purchased 301,286 net shares of Revolution Lighting securities; (3) expended $1,008,289.69 on their purchases of Revolution Lighting securities; and (4) lost $830,428.82 in connection with their purchases of Revolution Lighting

6

securities. *See* Ex. 3 hereto. Movants are not aware of any other movant that has suffered greater losses in Revolution Lighting securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movants will satisfy the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

#### 1. Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec.*

*Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and misleading statements about Revolution Lighting's business. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class.

### 2. Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiffs. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in Revolution Lighting securities and are therefore, extremely motivated to pursue claims in this action.

### D. Movants Are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movants are the most adequate Lead Plaintiffs is not, therefore subject to rebuttal. Movants have suffered financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to represent the Class fairly and adequately is discussed above. Additionally, Movants are a married couple, who obviously have a preexisting relationship, and will be able to work together to represent the Class well. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class.

## III.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movants' and Class Plaintiffs' claims, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) consolidating the related actions; (2) appointing Movants as Lead Plaintiffs of the Class; (3) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 1, 2019                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/ Phillip Kim
                                        Phillip Kim, Esq. (PK 9384)
                                        Laurence M. Rosen, Esq. (LR 5733)
                                        275 Madison Avenue, 34th Floor
                                        New York, New York 10016
                                        Telephone: (212) 686-1060
                                        Fax: (212) 202-3827
                                        Email: pkim@rosenlegal.com
                                        Email: lrosen@rosenlegal.com

                                        *[Proposed] Lead Counsel for Movants and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim