**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated, | **Civil Action No: 1:19-cv-00980-JPO** |
| Plaintiff, | **[PROPOSED] ORDER CONSOLIDATING THE ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL** |
| vs. | |
| REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA, | |
| Defendants. | |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated, | **Civil Action No.: 1:19-cv-02308-JPO** |
| Plaintiff, | |
| vs. | |
| REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA, | |
| Defendants. | |

Having considered the papers filed in support of the Motion of class members Craig Holman and Russell Hopewell ("Movants") for Consolidation of the Actions, Appointment as Lead Plaintiff and Approval of Their Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order:

The Court hereby consolidates the actions captioned above for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

**Master Docket and Master File**

A Master File is hereby established for the proceedings in the action.  The docket number for the Master File shall be Master File No.: 1:19-cv-00980-JPO.  The original of this Order shall be filed by the Clerk in the Master File.

The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

**Newly Filed or Subsequently Filed or Transferred Actions**

If a securities fraud action related to the same subject matters as this Action is hereafter filed in this Court or transferred here from another Court, the Clerk of this Court shall:

File a copy of this Order in the separate file for such action;

1.     Notify all counsel of record of the filing or transfer of such action;

2.     Make an appropriate entry in the Master Docket;

3.     Mail to counsel of record in the newly filed or transferred case a copy of this Order; and

4.     Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred case a copy of this Order.

All counsel shall assist the Clerk of the Court by calling to the attention of the Clerk the filing or transfer of any case that might properly be consolidated with this Action.

This Order shall apply to each securities fraud action that is subsequently filed in or transferred to this Court that arises out of or is related to the same facts and claims alleged in the complaints in the Action, unless a party objecting to the consolidation of such case or to any other provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant the application. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to utilize a separate complaint, defendant shall not be required to answer, plead, or otherwise move with respect to the complaint in any such case. If a plaintiff in any such case is permitted to utilize a separate complaint, each defendant shall have thirty (30) days within which to answer, plead, or otherwise move with respect to any such complaint.

**Appointment of Lead Plaintiff**

Movants Craig Holman and Russell Hopewell are hereby appointed lead plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934. This appointment is without prejudice to Defendant's right to challenge the adequacy, typicality, or ability of Movants to represent the absent class members in this Action or the propriety of this case being certified as a class action.

**Organization of Plaintiffs' Counsel**

Lead plaintiff's selection of Gainey McKenna & Egleston as lead counsel ("Lead Counsel") for all plaintiffs and the Class in this Action is approved.

Lead Counsel is hereby vested by the Court with the following responsibilities and duties in connection with this Action:

1. To direct and coordinate the briefing and arguing of motions;

2. To direct and coordinate the initiation and conduct of discovery proceedings, including, but not limited to, requests for production of documents and/or third-party subpoenas;

3. To direct and coordinate the examination of witnesses in depositions and oral interrogatories;

4. To act as spokesperson at pretrial conferences;

5. To call meetings of plaintiffs' counsel as appropriate or necessary from time to time;

6. To direct the preparation for a trial of this matter and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

7. To direct and coordinate the conduct of pre-trial, trial and post-trial proceedings;

8. To consult with and employ experts;

9. To coordinate and collect monthly time and expense reports from all plaintiffs' attorneys in this Action;

10. To initiate and conduct all settlement negotiations with counsel for defendant; and

11. To perform such other duties as may be expressly authorized by further order of the Court.

No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any plaintiff except through Lead Counsel.

4

Defendants' counsel may rely upon all agreements made with Lead Counsel, and such agreements shall be binding on all plaintiffs in this Action.

Lead Counsel is hereby designated as the counsel for plaintiffs upon whom all notices, orders, pleadings, motions, discovery, and memoranda may be served and defendant shall affect service of papers on plaintiffs by serving Gainey McKenna & Egleston, 440 Park Avenue South, 5th Floor, NY, NY 10016.

If Defendants file a single pleading or other paper directed to all plaintiffs in this Action, the response on behalf of plaintiffs shall be made in a single pleading or other paper to be served by Lead Counsel.  All plaintiffs in this Action shall be bound by that pleading or paper.

The organizational structure established by this Order shall bind counsel for plaintiffs in this Action or any subsequently filed cases consolidated therewith.

Within 10 days after the entry of this Order, the parties will present to the Court a proposed schedule for the filing of a consolidated amended complaint and a briefing schedule in the event that defendants respond to that complaint by filing a motion to transfer.


SO ORDERED, this ___ day of _____, 2019


_____
Hon. J. Paul Oetkin
United States District Judge

5