**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>    Defendants. | **Civil Action No: 1:19-cv-00980-JPO**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MOVANTS CRAIG HOLMAN AND RUSSELL HOPEWELL TO CONSOLIDATE ACTIONS AND BE APPOINTED LEAD PLAINTIFF AND TO APPRROVE THEIR SELECTION OF COUNSEL** |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>    Defendants. | **Civil Action No.: 1:19-cv-02308-JPO** |

## PRELIMINARY STATEMENT

Presently pending before the Court are two (2) securities class action lawsuits (collectively, the "Action"). The Action is brought on behalf of purchasers of the common stock of Revolution Lighting Technologies, Inc. ("Revolution" or the "Company"), who purchased or otherwise acquired the Company's common stock between March 14, 2014, and November 14, 2018, inclusive ("Class Period"), against the Company and certain officers and directors of the

Company.   The Action alleges that Defendants violated of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated under Section 10(b).

Class members Craig Holman and Russell Hopewell ("Movants") hereby move this Court, pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (a) consolidating the above-captioned actions; (b) appointing Movants as lead plaintiff in the Action; and (c) approving Movants' selection of Gainey McKenna & Egleston as Lead Counsel for the Class.   Movants suffered substantial losses resulting from their Revolution investments – over $113,860 – and believe that they have the largest financial interest in the Action.

### STATEMENT OF FACTS

The Complaint alleges that Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company was improperly recognizing revenue for certain transactions; (2) that, as a result, the Company's financial statements were misstated; (3) that the Company lacked adequate internal controls over financial reporting; (4) that, as a result, Company would be subject to regulatory scrutiny and incur substantial costs; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On October 17, 2018, Revolution announced that revenue for the third quarter of 2018 would be $33 million, compared to previous guidance of $40-$41 million, and that the Chief Executive Officer ("CEO") had offered to acquire all of the Company's common stock at a price of $2.00 per share.   On this news, the Company's stock price fell $0.98 per share, or over 38%, to close at $1.58 per share on October 17, 2018, on unusually heavy trading volume, thereby

injuring investors.   Then, on October 19, 2018, the Company disclosed an ongoing SEC investigation regarding revenue recognized from transactions between 2014 through the second quarter of 2018.   The Company estimated that the net effect on the reported revenue based on shipment of products, as opposed to the Company's policy of bill and hold revenue recognition, "would have been to reduce revenue by $5.0 million, $6.3 million and $6.3 million in each of 2014, 2015 and 2016, respectively, and increase revenue by $11.6 million and $5.1 million in 2017 and 2018, respectively."

On this news, the Company's stock price fell $0.16 per share, or over 10%, to close at $1.43 per share on October 22, 2018, on unusually heavy trading volume, thereby further injuring investors.

**ARGUMENT**

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."   15 U.S.C. § 78u-4(a)(3)(B)(ii).   Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions."   *Id*.

### A.   The Court Should Resolve The Consolidation Issue As A Prerequisite To The Determination Of Lead Plaintiff

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.   *See* Fed. R. Civ. P. 42(a).   The Court has broad discretion under this rule to consolidate cases pending within this District.   *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).   Consolidation is particularly appropriate in securities class action litigation.   *See Primavera Familienstiftung v. Askin*, 173 F.R.D. 115,

129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.*, *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidation appropriate in securities class actions); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports[]") (internal quotations omitted).

The above-captioned actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present, for the most part, the same legal issues. Each alleges the same violations of the Exchange Act and each is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because these actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex*, 899 F.2d at 1285.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the related actions now pending in this District.

## II.    THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFF

### A.    The Procedure Required By The PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each

private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within twenty (20) days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff.  Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA requires the court to consider within ninety (90) days all motions, filed within sixty (60) days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendant could raise against them.  Therefore, Movants are entitled to the

presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1.   Movants Are Willing To Serve As Class Representatives

On January 31, 2019, counsel in the Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Revolution, and which advised putative class members that they had sixty (60) days, or until April 1, 2019, to file a motion to seek appointment as a lead plaintiff in the action.  *See* Declaration of Thomas J. McKenna in Support of Motion of Movants Craig Holman and Russell Hopewell to Consolidate the Actions, to be Appointed as Lead Plaintiff and for Approval of Their Selection of Lead Counsel ("McKenna Decl."), at Ex. A.  Pursuant to that Notice, Movants Craig Holman and Russell Hopewell contacted Gainey McKenna & Egleston and indicated that they had sustained substantial financial losses from their transactions in the securities of Revolution and, therefore, wished to move for appointment as lead plaintiff.  *Id*.

### 2.   Movants Have The Largest Financial Interest

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Movants believe that they have the largest financial interest of any shareholder or group of shareholders in the Action.  During the Class Period, Movants suffered combined losses of over $113,860.  *See* McKenna Decl. at Ex. B.  These losses are significant enough to ensure that Movants have a sufficient financial stake to remain an active participant in the Action and oversee the vigorous prosecution by counsel.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432,

436 (S.D.N.Y. 2008); *Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (citing 15 U.S.C. § 77z-1(a)(3)(B)); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004) (noting that the court has discretion to appoint more than one lead plaintiff and can aggregate the losses suffered by that group of investors) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998)); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *House Conference Report No. 104-369*, 104th Cong.1st Sess. at 34 (1995) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, *reprinted in* U.S.C.C.A.N. 679, 730-31).  Movants are not aware of any other moving party who has suffered larger losses.  Accordingly, Movants satisfy the largest financial interest requirement to be appointed as lead plaintiff in the Action.  Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movants Satisfy the Requirements of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] . . . the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u 4(a)(3)(B)(iii)(I)(cc).  Only typicality and adequacy are relevant for purposes of a motion for lead plaintiff.  *See, e.g.*, *Lernout & Hauspie*, 138 F. Supp. 2d at 46; *see also In re Cendant Corp. Litig.*, 264 F.3d at 265; *In re Vicuron Pharms.*, 225 F.R.D. at 511.  As discussed below, Movants' members satisfy the typicality and adequacy requirements under Rule 23(a) and the PSLRA.

The claims asserted by Movants are typical of those of the Class.  Movants, like the members of the Class, purchased Revolution securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were

damaged thereby.  Thus, their claims are typical, if not identical, to those of the other members of the Class because they suffered losses similar to those of other Class members and their losses result from Defendants' common course of conduct.  *See In re Waste Mgm't., Inc. Secs. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000).  Accordingly, Movants satisfy the typicality requirement of Rule 23(a)(3).

Movants are also an adequate representative for the Class.  There is no antagonism between Movants' interests and those of the Class.  Moreover, Movants have retained counsel highly experienced in prosecuting securities class actions and will submit their choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  *See Waste Mgmt.*, 128 F. Supp. 2d at 414.

Accordingly, at this stage of the proceedings, Movants have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## III.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class."  Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also Lernout & Hauspie*, 138 F. Supp. 2d at 46-47.

Movants have selected and retained Gainey McKenna & Egleston as the proposed Lead Counsel for the Class.  Gainey McKenna & Egleston has extensive experience prosecuting complex securities class actions, such as this one, and are well qualified to represent the Class.  *See* McKenna Decl. Ex. D.  Therefore, the Court may be assured that if it grants this motion, the

Class members will receive high-caliber representation by skilled, experienced counsel.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the above-captioned actions; (2) appoint Movants as lead plaintiff for the Class in the Action and all subsequently-filed, related actions; and (3) approve Movants' selection of Gainey McKenna & Egleston to represent the Class as Lead Counsel.

Dated: April 1, 2019

Respectfully submitted,

**GAINEY McKENNA & EGLESTON**

By: */s/ Thomas J. McKenna*
     Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

***Proposed Lead Counsel***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 1, 2019.


*/s/ Thomas J. McKenna*
Thomas J. McKenna