UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                    v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>                              Defendants. | Case No.  1:19-cv-00980-JPO<br><br>[PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                    v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>                              Defendants. | Case No.  1:19-cv-02308-JPO |
| BOB BISHOP, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                    v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>                              Defendants. | Case No.  1:19-cv-02722-UA |

1

**WHEREAS**, the Court has considered the competing motions for Appointment of Lead Plaintiff and Approval of Lead Counsel,

**IT IS HEREBY ORDERED THAT**:

### CONSOLIDATION OF RELATED ACTIONS

1. The Related Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

### MASTER DOCKET AND CAPTION

2. The docket in Case No. 1:19-cv-00980-JPO shall constitute the Master Docket for this action.

3. Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

Master File No. 1:19-cv-00980-JPO

In re Revolution Lighting Technologies, Inc.

Securities Litigation

CLASS ACTION

--------------------------------------------------------X

This Document Relates To:

4. The file in Case No. 1:19-cv-00980-JPO shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:." When a pleading applies to some, but not all, of the actions, the document shall list, immediately

after the phrase "This Document Relates To:," the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5.      All related actions subsequently filed in, or transferred to, this District shall be consolidated into this action.  This Order shall apply to every such action, absent an order of the Court.  A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6.      This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

## APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL

7.      Having reviewed all pending motions and accompanying memoranda of law, the Court hereby appoints Chris Hubner ("Hubner") as Lead Plaintiff in the above-captioned action (the "Action"). Hubner satisfies the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

8.      Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, has selected and retained Pomerantz LLP as Lead Counsel for the Class in the Action.

9.      Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom lead counsel shall designate:

(a)      to coordinate the briefing and argument of motions;

(b)      to coordinate the conduct of discovery proceedings;

(c)      to coordinate the examination of witnesses in depositions;

(d)      to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

(e)      to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f)    to coordinate all settlement negotiations with counsel for defendants;

(g)    to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h)    to supervise any other matters concerning the prosecution, resolution or settlement of the Action.

10.    No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of lead counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of lead counsel.

11.    Counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiffs' counsel.

12.    Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

13.    Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

14.    Defendants shall effect service of papers on plaintiffs by serving a copy of same on lead counsel by overnight mail service, electronic or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

15.    During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**SO ORDERED.**

Dated: _____, 2019
      New York, New York

 

HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK