**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>     v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFFER, and JAMES A. DEPALMA,<br><br>    Defendants. | Case No.: 19 Civ. 980 (JPO) |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>     v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFFER, and JAMES A. DEPALMA,<br><br>    Defendants. | Case No.: 19 Civ. 2308 (JPO) |

*(Caption continued on next page)*

**MEMORANDUM OF LAW IN SUPPORT OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT'S MOTION FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF <u>LEAD COUNSEL SELECTION</u>**

BOB BISHOP, Individually and On Behalf of
All Others Similarly Situated,

                    Plaintiff,

          v.

REVOLUTION LIGHTING
TECHNOLOGIES, INC., ROBERT V.
LAPENTA, CHARLES J. SCHAFFER, and
JAMES A. DEPALMA,

                    Defendants.

Case No.: 19 Civ. 2722 (JPO)

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

SUMMARY OF ARGUMENT .................................................................................................... 1

FACTUAL BACKGROUND ....................................................................................................... 2

PROCEDURAL BACKGROUND ............................................................................................... 4

ARGUMENT ................................................................................................................................ 4

I.      The Cases Should Be Consolidated ................................................................................. 4

II.     Detroit P&F Should Be Appointed Lead Plaintiff ........................................................... 6

        A.      Detroit P&F Filed a Timely Motion in Response to a PSLRA Notice .................. 7

        B.      Detroit P&F Has the Largest Financial Interest in the Litigation .......................... 8

        C.      Detroit P&F Satisfies the Requirements of Rule 23 of the Federal
                Rules of Civil Procedure ........................................................................................ 8

                1.      Detroit P&F's Claims are Typical of the Class ........................................ 10

                2.      Detroit P&F Is an Adequate Representative ............................................. 11

III.    The Court Should Approve Detroit P&F's Selection of Lead Counsel ........................... 11

CONCLUSION ........................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Braskem S.A. Sec. Litig.*,
    Nos. 15 Civ. 5132 (PAE), 15 Civ. 5183 (PAE),
    2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015)...................................................................... 5

*Central States Se. & Sw. Areas Health & Welfare Fund v.*
    *Merck-Medco Managed Care, LLC*, 504 F.3d 229 (2d Cir. 2007)..................................... 10

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992), *cert. dismissed sub nom.*
    *Hart Holding Co. Inc. v. Drexel Burnham Lambert Grp., Inc.*,
    506 U.S. 1088 (1993)....................................................................................................... 10

*Dura Pharm., Inc. v. Broudo*,
    544 U.S. 336 (2005)........................................................................................................... 8

*In re Facebook, Inc., IPO Sec. and Deriv. Litig.*,
    288 F.R.D. 26 (S.D.N.Y. 2012) ......................................................................................... 5

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ..................................................................................... 10

*Goldstein v. Puda Coal*,
    827 F. Supp. 2d 348 (S.D.N.Y. 2011).............................................................................. 10

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)............................................................................................. 4

*Lapin v. Goldman Sachs & Co.*,
    254 F.R.D. 168 (S.D.N.Y. 2008) ..................................................................................... 10

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................... 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ......................................................................................... 9

*In re Oxford Health Plans, Inc., Sec. Litig.*,
    191 F.R.D. 369 (S.D.N.Y. 2000) ..................................................................................... 10

*In re Prudential Sec., Inc. Ltd. P'ships Litig.*,
    163 F.R.D. 200 (S.D.N.Y. 1995) ..................................................................................... 10

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014)................................................................................... 5

*Sofran v. Labranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ......................................................................... 9, 10, 11

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)........................................................................... 7, 8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ..................................................................................... 9

*Xu v. Gridsum Holding Inc.*,
    Nos. 18 Civ. 3655 (ER), 18 Civ. 5749 (ER),
    2018 WL 4462363 (S.D.N.Y Sept. 17, 2018)................................................................ 4, 5

**Rules and Statutes**

15 U.S.C. § 78u-4(a)(3)(A)................................................................................................ 7

15 U.S.C. § 78u-4(a)(3)(B)........................................................................................ 5, 6, 7, 8, 9

Fed R. Civ. P. Rule 23(a)............................................................................................. 9, 11

Fed R. Civ. P. Rule 42(a)............................................................................................... 4, 5

Lead Plaintiff Movant the Police & Fire Retirement System of the City of Detroit ("Detroit P&F" or "Movant") respectfully submits this memorandum of law in support of its motion for: (i) the consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure Rule ("Rule") 42(a); (ii) Detroit P&F's appointment pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a) (the "PSLRA") as Lead Plaintiff for the proposed class in the above-captioned actions; (iii) the Court's approval of Movant's selection of the law firm of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for the proposed Class; and (iv) any such further relief as the Court may deem just and proper.

## SUMMARY OF ARGUMENT

The above-captioned actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") by Revolution Lighting Technologies, Inc. ("Revolution Lighting" or the "Company"), and certain of its current and former officers and directors (collectively, the "Defendants"). Detroit P&F is a member of the proposed class of persons or entities consisting of all purchasers and/or acquirers of Revolution Lighting securities between March 14, 2014, and November 14, 2018, inclusive (collectively, the "Class"). During the period from March 14, 2014 through November 14, 2018, inclusive (the "Class Period"), Detroit P&F purchased 104,802 shares of Revolution Lighting securities with a total expenditure of $573,516.12. Detroit P&F has incurred damages of **$393,624.84** from these Class Period purchases. *See* Exhibit ("Ex.") 3 to accompanying Declaration of Peter S. Linden, dated April 1, 2019 ("Linden Decl.").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Detroit P&F believes that it is the "most

adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiff based on its financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of other Class members' claims, and Movant will fairly and adequately represent the interests of the Class.  Furthermore, Movant's selection of Kirby McInerney as lead counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

### FACTUAL BACKGROUND[1]

Revolution Lighting is a designer and manufacturer of light-emitting diode ("LED") lighting solutions for industrial, commercial, and government markets.  Revolution Lighting shares trade on the NASDAQ under the ticker symbol "RVLT".

On October 17, 2018, Revolution Lighting reported preliminary financial results for the third quarter of 2018.  The Company announced an expected revenue of $33 million, down from a previous guidance of $40-41 million.  In addition, the Company disclosed that its CEO, Defendant Robert V. LaPenta ("LaPenta"), had made an offer to acquire all of the Company's common stock at $2.00 per share.  On this news, the Company's stock price fell from $2.56 to $1.58, a decline of $0.98 per share.

On October 19, 2018, Revolution Lighting issued a press release entitled "Revolution Lighting Provides Additional Clarity Regarding its Recent Preliminary Third Quarter Results Issued on October 17, 2019," in which the Company disclosed "an ongoing investigation by the SEC regarding certain revenue recognition practices, including bill and hold transactions that

---

[1] These facts are collected from the operative complaints filed in the above-captioned actions.

occurred between 2014 through the second quarter of 2018." Furthermore, the Company stated the estimated impact on revenue of an accounting policy "based on shipment of products, as opposed to bill and hold revenue recognition." On this news, the Company's stock price fell from $1.59 to $1.43, a decline of $0.16 per share.

On November 13, 2018, the Company filed a Notice of Late Filing on Form 12b-25 with the SEC, stating that it would be unable to file its quarterly report for the period ended September 30, 2018 due in part to a review of the previously filed financial statements by the Company's Audit Committee. Then, on November 14, 2018, the Company announced that its Transaction Committee was in receipt of and reviewing a revised proposal from Defendant LaPenta. In the offer, LaPenta decreased his proposal to acquire all of the Company's common stock from $2.00 per share to $1.50 per share, citing the recent disclosures of the SEC investigation and the Audit Committee's review. The Company also disclosed that its overall debt as of November 12, 2018 was $65.0 million, and that it would continue to rise "as additional debt financing is provided." On this news, the Company's stock price fell from $1.40 per share to $0.85 per share, a decline of $0.55 on November 14, 2018.

At all relevant times, Defendants made false and/or misleading statements and/or failed to disclose that (i) the Company was improperly recognizing revenue for certain transactions, (ii) as a result, its financial statements were misstated, (iii) the Company lacked adequate internal controls over financial reporting, (iv) the Company would undergo investigations and regulatory scrutiny, incurring significant costs, and (v) as a result of the foregoing, Defendants' statements about Revolution Lighting's business, operations, and prospects were materially misleading.

## PROCEDURAL BACKGROUND

On January 31, 2019, Plaintiff James Glavan commenced the first-filed of the above-captioned class actions against Revolution Lighting in this District.  The *Glavan* action asserts claims arising under the Exchange Act.  That same day, counsel for Glavan published a notice on *Business Wire* announcing that a securities class action had been initiated against Defendants, herein, and advising investors of Revolution Lighting that they had 60 days from the publication of the January 31, 2019 notice to file a motion to be appointed lead plaintiff.  *See* Linden Decl. Ex. 1.

On March 14, 2019, Chris Hubner filed a complaint asserting claims under the Exchange Act based on the same events described in the *Glavan* action and naming the same defendants.  On March 14, 2019, counsel for Hubner filed a statement of relatedness to the *Glavan* action.  On March 15, 2019, the *Hubner* action was referred to this Court as possibly related to the *Glavan* action.

On March 26, 2019, Bob Bishop filed a complaint asserting claims under the Exchange Act, naming the same defendants as Glavan and Hubner, and asserting an identical proposed Class Period.  On March 27, 2019, the *Bishop* action was referred to this Court as possibly related to the *Glavan* action.

## ARGUMENT

### I.      The Cases Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact.  *See Xu v. Gridsum Holding Inc.*, Nos. 18 Civ. 3655 (ER), 18 Civ. 5749 (ER), 2018 WL 4462363, at *2-3 (S.D.N.Y Sept. 17, 2018) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).  Under this Rule, the Court has "broad discretion to determine whether

consolidation is appropriate" for cases pending within its District. *Celotex*, 899 F.2d at 1284. The PSLRA suggests consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii). In doing so, the PSLRA does not displace the traditional legal standards for consolidation as defined under Rule 42(a). Furthermore, neither Rule 42(a) nor the PSLRA require that the actions be identical in order to be consolidated. *See Gridsum*, 2018 WL 4462363, at *2 ("actions need not be identical to allow for consolidation.") (citing *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014)) (internal quotation marks omitted).

Each of the related cases in this matter present common questions of law and fact, as they involve the same substantive allegations, to warrant consolidation. *See Gridsum*, 2018 WL 4462363 at *2. Courts commonly consolidate such securities actions arising from the same allegedly actionable statements. *See In re Braskem S.A. Sec. Litig.*, Nos. 15 Civ. 5132 (PAE), 15 Civ. 5183 (PAE), 2015 WL 5244735, at *3 n.5 (S.D.N.Y. Sept. 8, 2015) (noting that "courts routinely consolidate securities class actions despite minor differences in class periods where, as here, it is clear that there are common questions of law and fact."). Moreover, courts routinely consolidate actions asserting claims arising under the Exchange Act involving the same factual allegations. *See In re Facebook, Inc., IPO Sec. and Deriv. Litig.*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012) ("Courts in this district have routinely consolidated actions. . . Exchange Act claims. . . . Consolidating the actions is the most efficient course to avoid a fractious litigation of duplicative efforts and unnecessary costs and delays.").

Each action (i) alleges violations of federal securities laws, (ii) names the same defendants, and (iii) is based on the same wrongful course of conduct during the same putative Class Period. The above-captioned case filed by Bishop differs slightly in that it alleges two additional partial

disclosures during the Class Period.  The *Bishop* complaint claims that on September 22, 2017, Revolution Lighting reduced its 2017 full year revenue guidance causing a stock price decline of $1.32 to close at $6.26.  The complaint further alleges that on August 2, 2018, the Company reported second quarter 2018 revenue which was below expectations due to project delays, causing a stock price decline of $0.53 to close at $3.37.  However, given the identical defendants named, Class Periods, and alleged misconduct, consolidation of the *Bishop* action with the other cases is warranted irrespective of the additional alleged disclosures.

## II.     Detroit P&F Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure and standard for selecting a lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice, or (ii) as soon as practicable after the court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff that is most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption in favor of appointing a movant as lead plaintiff "may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff:"

> (aa) will not fairly and adequately protect the interests of the class; or

6

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Detroit P&F complies with the foregoing standards and will adequately protect the interests of the Class.

As set forth in detail below, Detroit P&F satisfies all of the above PSLRA criteria.  Detroit P&F has complied with all of the PSLRA's requirements to be appointed as lead plaintiff and has, to the best of its knowledge, the largest financial interest in this litigation.  Furthermore, Detroit P&F meets the relevant requirements of Rule 23(a) and is not aware of any unique defenses that defendants could raise against Detroit P&F that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed lead plaintiff based on the rebuttable presumption.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

A.      **Detroit P&F Filed a Timely Motion in Response to a PSLRA Notice**

On January 31, 2019, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), counsel for Glavan published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants, herein, and advising purchasers of Revolution Lighting securities that they had 60 days to file a motion to be appointed as lead plaintiff.  *See* Linden Decl. Ex. 1.  The 60-day deadline based on the timing of the notice of pendency is April 1, 2019.

Detroit P&F files this motion pursuant to Glavan's January 31, 2019 notice, within the 60-day period following publication of the notice, submits herewith its sworn certification, and attests that it is willing to serve as a representative of the Class and to provide testimony at deposition and trial, if necessary.  *See* Linden Decl. Ex. 2.  By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

**B.      Detroit P&F Has the Largest Financial Interest in the Litigation**

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class," which expressly authorizes that the Lead Plaintiff may comprise a group.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  At the time of this filing, Detroit P&F believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Detroit P&F purchased 104,802 shares of Revolution Lighting during the Class Period, with a total expenditure of $573,516.12.  Taking all Class Period transactions into account, Detroit P&F was a net purchaser of 64,654 shares, and its net expenditure was $434,936.58.  In connection with its purchases of Revolution Lighting securities, Movant incurred damages of $393,624.84, when sales are matched to purchases on a last-in, first-out ("LIFO") basis.  *See* Linden Decl. Ex. 3.  If damages are limited to losses caused by corrective disclosures, per *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005), Detroit P&F's damages are $184,595.15 or $110,637.98 – depending on whether one counts losses from all corrective disclosures alleged in *any* of the above-captioned actions, or whether damages are limited to losses resulting from corrective disclosures that were alleged in *all* of the above-captioned actions.  Thus, Detroit P&F believes its financial interest in the relief sought by the Class is greater than that of any other qualified movant seeking appointment as Lead Plaintiff.  *See Varghese*, 589 F. Supp. 2d at 396.

**C.      Detroit P&F Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23

of the Federal Rules of Civil Procedure."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).   Rule 23(a)

generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certifications as provided by Rule 23(a), only two – typicality

and adequacy – directly address the personal characteristics of the proposed class representative.

Consequently, in deciding a motion for appointment of Lead Plaintiff, the Court should limit its

inquiry to the typicality and adequacy standards of Rule 23(a) and defer examination of the

remaining requirements until the Lead Plaintiff moves for class certification.   *See Sofran v.

Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (quoting *Weinberg v. Atlas Air Worldwide

Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)) ("[T]he moving plaintiff must make only a

preliminary showing that the adequacy and typicality requirements under Rule 23 have been met.

. . .   In fact, a wide ranging analysis under Rule 23 is not appropriate at this initial stage of the

litigation and should be left for consideration of a motion for class certification.") (internal

citations omitted and some punctuation altered); *see also In re Oxford Health Plans, Inc. Sec.

Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only

provisions relevant to a determination of lead plaintiff under the PSLRA."); *In re Olsten Corp.

Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) ("At this stage in the litigation, the party

moving for lead plaintiff of the consolidated action need only make a preliminary showing that it

satisfies the typicality and adequacy requirements of Rule 23.").

### 1.    Detroit P&F's Claims are Typical of the Class

*Sofran* found that "typicality exists if claims 'arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." 220 F.R.D. at 402 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom. Hart Holding Co. Inc. v. Drexel Burnham Lambert Grp., Inc.*, 506 U.S. 1088 (1993)); *see Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 175 (S.D.N.Y. 2008) (quoting *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 245 (2d Cir. 2007)); *see also Goldstein v. Puda Coal*, 827 F. Supp. 2d 348, 354 (S.D.N.Y. 2011) (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011)) ("The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."). Moreover, *Lapin* found that "typicality does not require that the situations of the named representatives and the class members be identical." 254 F.R.D. at 175 (quoting *In re Oxford Health Plans, Inc., Sec. Litig.*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000)). Rather, "courts have recognized that '[t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.'" *Sofran*, 220 F.R.D. at 402 (quoting *In re Prudential Sec., Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)).

In this case, the typicality requirement is met because Detroit P&F's claims are identical to the claims of the other Class members. Detroit P&F and all members of the Class purchased Revolution Lighting securities during the relevant period, at artificially inflated prices as a result of Defendants' misrepresentations and omissions. Accordingly, Detroit P&F and the Class members suffered damages as a result of these purchases. Here, the legal and factual bases for the claims of Detroit P&F are typical of the claims of the members of the Class, in that Detroit P&F

10

and other Class members must show: (1) whether the federal securities laws were violated by Defendants' acts; (2) whether statements made by Defendants to the investing public during the relevant period misrepresented material facts about the Company's business, operations, and prospects; and (3) to what extent the members of the Class have sustained damages and the proper measure of damages.  In addition, Movant purchased shares of Revolution Lighting during the relevant period, at artificially inflated prices due to Defendants' misrepresentations and failures to disclose materially significant information, and were damaged thereby.  All other persons and entities who purchased or acquired Revolution Lighting securities during the relevant period overpaid as a result of the same misconduct that caused Detroit P&F's losses.  Because Movant's claims and injuries arise from the same events or course of conduct that gave rise to the claims of other Class members, the typicality requirement is met.

### 2.    Detroit P&F Is an Adequate Representative

The adequacy requirement of Rule 23(a)(4) is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously and has obtained adequate counsel, and the movant's claims are not antagonistic to other class members' claims. *See Sofran*, 220 F.R.D. at 402-03.  Here, Detroit P&F has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions, such as this action; and its significant financial losses demonstrate that it has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.  In addition, Detroit P&F is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

### III.   The Court Should Approve Detroit P&F's Selection of Lead Counsel

Detroit P&F has selected Kirby McInerney to pursue this litigation on its behalf.  In the event that Detroit P&F is appointed as Lead Plaintiff, it would retain Kirby McInerney as Lead

Counsel.  As demonstrated by the firm's résumé, Kirby McInerney possesses extensive experience and expertise in securities litigation, and the firm has the necessary skills and resources to efficiently and effectively prosecute this action.  *See* Linden Decl. Ex. 4.  As a result of this extensive experience in litigation involving similar issues to those raised in this action, Movant's counsel has the ability and knowledge that will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that, by granting Detroit P&F's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Detroit P&F respectfully requests that the Court grant its motion and enter an order: (1) consolidating the related cases; (2) appointed Detroit P&F as Lead Plaintiff; (3) approving Detroit P&F's selection of the law firm Kirby McInerney as Lead Counsel for the Class; and (4) granting any further relief as the Court may deem just and proper.

Dated: April 1, 2019                              **KIRBY McINERNEY LLP**

                                                  */s/ Peter S. Linden*
                                                  Peter S. Linden
                                                  Ira M. Press
                                                  825 Third Avenue, 16th Floor
                                                  New York, New York 10022
                                                  Tel: (212) 371-6600
                                                  Email: plinden@kmllp.com
                                                          ipress@kmllp.com

                                                  *Counsel for Movant Detroit P&F and*
                                                  *Proposed Lead Counsel for the Proposed*
                                                  *Class*

12