**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | No. 1:19-cv-00980-JPO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF FRED REMER'S MOTION FOR (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL** |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | No. 1:19-cv-02308-JPO |

*(captions continue on next page)*

BOB BISHOP, Individually and On Behalf of All Others Similarly Situated,

                Plaintiff,

        v.

REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,

                Defendants.

No. 1:19-cv-02722

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 3

ARGUMENT ............................................................................................................................ 4

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..................... 4

II.     REMER SHOULD BE APPOINTED LEAD PLAINTIFF .............................................. 5

        A.      The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff ............. 5

        B.      Under the PSLRA, Remer Should Be Appointed Lead Plaintiff ............................... 6

                1.      Remer Filed a Timely Motion ....................................................................... 6

                2.      Remer Has the Largest Financial Interest in the Relief Sought by the
                        Class ............................................................................................................... 7

                3.      Remer Meets Rule 23's Typicality and Adequacy Requirements ............... 7

III.    REMER'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD
        BE APPROVED ............................................................................................................... 10

CONCLUSION ........................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ....................................................................................5

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................4, 8, 9

*In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)............................................................................10

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ...............................................................................5, 6, 7

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ............................4, 7, 9

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ....................................................................................4

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)..........................9

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993)..........................................................................................4

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .....................................8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) ....................................................................................9

*Quan v. Advanced Battery Techs., Inc.*,
   No. 11 Civ. 2279 (CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) ................................8, 9

*Stoopler v. Direxion Shares ETF Trust*,
   No. 09 Civ. 8011 (RJH), 2010 WL 3199679 (S.D.N.Y. Aug. 12, 2010) ................................6

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) ....................................................................................8

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................................4, 5

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) ......................................................................................11

**Statutes**

15 U.S.C. §§ 78u-4(a) .................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 42(a) ...................................................................................................4

Federal Rules of Civil Procedure Rule 42(a)(2) ...........................................................2

Division Of Business Among District Judges, Rule 12(b)(2)........................................1

Rule 23(a)(4) ...............................................................................................................9

Movant Fred Remer ("Remer")[1] respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), in support of his motion for the entry of an order (1) consolidating the above-captioned actions (the "Actions"); (2) appointing Remer as Lead Plaintiff for the consolidated Actions; and (3) approving Remer's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are three securities class Actions[2] brought on behalf of a putative class (the "Class") of investors who purchased or otherwise acquired the securities of Revolution Lighting Technologies, Inc. ("Revolution Lighting" or the "Company") between March 14, 2014 and November 14, 2018, inclusive (the "Class Period").

As an initial matter, the Court must decide whether to consolidate the Actions.[3]  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it if the actions involve a common question of law

---

[1]    Unless stated otherwise, Remer uses the following conventions herein: (1) all internal citations are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration Of Richard W. Gonnello filed herewith.

[2]    The Actions are as follows: (1) *Glavan v. Revolution Lighting Technologies, Inc., et al.*, No. 1:19-cv-00980-JPO ("*Glavan*"), which was commenced on January 31, 2019; (2) *Hubner v. Revolution Lighting Technologies, Inc., et al.*, No. 1-19-cv-02308-JPO ("*Hubner*"), which was commenced on March 14, 2019; and (3) *Bishop v. Revolution Lighting Technologies, Inc., et al.*, No. 1:19-cv-02722 ("*Bishop*"), which was commenced on March 26, 2019.

[3]    The Court is currently presiding over the *Glavan* and *Hubner* Actions.  The *Bishop* Action is related to the *Glavan* and *Hubner* Actions as set forth herein, *see* Factual Background, *infra*, but is currently unassigned to a District Judge.  Remer recognizes that the *Bishop* Action must be assigned or transferred to the court presiding over the earliest-filed action—namely, this Court—before the *Bishop* Action can be consolidated under Fed. R. Civ. P. 42(a) and before a Lead Plaintiff is formally appointed.  *See* Division Of Business Among District Judges, Rule 12(b)(2); 15 U.S.C. § 78u-4(a)(3)(B)(ii).

1

or fact.  Fed. R. Civ. P. 42(a)(2).  The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5, promulgated thereunder.  The Actions also allege substantially similar misconduct by the Company and its officers.  As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Actions, Congress established a presumption in the PSLRA which requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Actions "as soon as practicable."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the person who has the "largest financial interest in the litigation" and who also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With losses of $1,308,632.02, Remer, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant.  Remer also satisfies Rule 23's typicality and adequacy requirements.  Remer's claims are typical of the Class's claims because he suffered losses on his Revolution Lighting investment as a result of the defendants' false and misleading statements.  Further, Remer has no conflict with the Class and will adequately protect the Class's interests given Remer's significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel.  Accordingly, Remer is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Remer is entitled to select, subject to the Court's approval, lead counsel to represent the putative Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Remer has engaged the Faruqi Firm for this purpose.  The Faruqi Firm is an appropriate selection

2

to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Remer's motion should be granted in its entirety.

## FACTUAL BACKGROUND

Revolution Lighting is incorporated in Delaware and headquarted in Stamford, Connecticut. *Glavan*, Class Action Complaint For Violations Of The Federal Securities Laws ¶16, ECF No. 1 ("*Glavan* Compl."); *Hubner*, Class Action Complaint For Violations Of The Federal Securities Laws ¶16, ECF No. 1 ("*Hubner* Compl."); *Bishop*, Class Action Complaint For Violations Of The Federal Securities Laws ¶20, ECF No. 1 ("*Bishop* Compl."). Revolution Lighting's common stock trades on the NASDAQ stock exchange under the symbol "RVLT." *Glavan* Compl. ¶16; *Hubner* Compl. ¶16; *Bishop* Compl. ¶20.

The Actions allege that defendants knowingly and/or reckless made false and/or misleading statements and/or failed to disclose that: (1) that the Company was improperly recognizing revenue for certain transactions; (2) that, as a result, the Company's financial statements were misstated; (3) that the Company lacked adequate internal controls over financial reporting; (4) that, as a result, Company would be subject to regulatory scrutiny and incur substantial costs; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects and prospects were materially misleading and/or lacked a reasonable basis. *Glavan* Compl. ¶¶9, 44; *Hubner* Compl. ¶¶9, 44; *Bishop* Compl. ¶¶13, 52.

Over time, the truth emerged thereby causing the Company's stock price to drop and harm the Company's investors.

3

Through the Actions, Remer seeks to recover for himself and absent class members the substantial losses that were suffered as a result of the defendants' fraud.

## ARGUMENT

### I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered").

Consolidation is appropriate when the actions before the court involve a common question of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present a sufficiently common question or questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact *and* law. The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by the defendants. The Actions allege substantially the same wrongdoing, namely that the defendants

4

issued materially false and misleading statements that artificially inflated the price of Revolution Lighting securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged.  Consolidation of the Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced).

## II.    REMER SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    The PSLRA's Provisions Concerning the Appointment of a Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I).  It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff.  *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members."  Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Foley*, 272 F.R.D. at 127 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)); *see also Tronox*, 262 F.R.D. at 343-44 (same).

5

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted but only upon **proof** by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Foley*, 272 F.R.D. at 127.

### B.      Under the PSLRA, Remer Should Be Appointed Lead Plaintiff

As discussed below, Remer should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Remer holds the largest financial interest of any movant, and Remer otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1.      Remer Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions was required to publish notice within twenty (20) days of its filing. Counsel for first-filed plaintiff James Glavan published notice of the lead plaintiff deadline via *Business Wire* on January 31, 2019. *See* Ex. A; *see also Stoopler v. Direxion Shares ETF Trust*, No. 09 Civ. 8011 (RJH), 2010 WL 3199679, at *2 (S.D.N.Y. Aug. 12, 2010) (finding publication in *Business Wire* sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice (*i.e.*, on or before April 1, 2019). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Remer's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Remer timely signed and submitted the requisite lead plaintiff certification, identifying all of his relevant Revolution Lighting trades during the Class Period, and detailing Remer's suitability to serve as Lead

6

Plaintiff in this case.  *See* Ex. B.  The PSLRA's procedural requirements have therefore been met.

### 2.    Remer Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person who possesses the largest financial interest in the relief sought by the class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to which methodology courts are to use to determine which movant has the largest financial interest in the relief sought, courts in this Circuit have often looked to four factors in the inquiry: (1) the number of total shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the investor.  *See Foley*, 272 F.R.D. at 127-28; *In re GE*, 2009 WL 2259502, at *3.  Courts have placed the most emphasis on the last of these four factors: the approximate loss suffered by the investor.  *See, e.g.*, *Foley*, 272 F.R.D. at 128; *In re GE*, 2009 WL 2259502, at *4.

Overall, during the Class Period, Remer purchased 88,060 net shares and 511,517 total shares of Revolution Lighting stock, expended $869,928.81 in net funds, and suffered losses of $1,308,632.02 when calculated using a last in, first out ("LIFO") methodology.  *See* Ex. C. Remer is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3.    Remer Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the class representative requirements

of Rule 23 of the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3)(B).  However, when assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant.  *See, e.g.*, *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *see also Blackmoss*, 252 F.R.D. at 191 ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where a class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "However, the claims of the class representative need not be identical to those of all members of the class." *Blackmoss*, 252 F.R.D. at 191; *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) ("Indeed, [t]he possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

Remer's claims are typical of the Class's claims.  Remer purchased Revolution Lighting stock during the Class Period, suffered damages as a result of the Company's false and misleading statements, and asserts claims against Revolution Lighting and certain of its officers under the federal securities laws.  Because the factual and legal bases of Remer's claims are similar, if not identical, to those of the Class's claims, Remer necessarily satisfies the typicality requirement.  *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279 (CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as other

8

movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at \*5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, Remer's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010, at \*2 (S.D.N.Y. May 19, 2011) (movant's lead plaintiff certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same).

Remer has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. D. Consequently, Remer is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

9

In light of the foregoing, Remer respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the consolidated Actions.

## III.   REMER'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the putative Class, subject to the Court's approval.  Remer has selected the Faruqi Firm to be Lead Counsel.  The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Ex. D; *see also In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995.  Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g.*, *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2017) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharms., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp.*, *Sec. Litig.*, No. 3:14-CV-01424 (CRB) (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-

213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix*, *Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483-JLQ (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g.*, *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal.) (where, as sole lead counsel for the class, the firm defeated defendants' motion to dismiss); *Loftus v. Primero Mining Corp.*, No. 16-01034-BRO (RAOx) (C.D. Cal) (appointed as sole lead counsel for the class); *Attigui v.*

11

*Tahoe Resources, Inc.*, No. 2:18-cv-01868-RFB-NJK (D. Nev.) (same); *DeSmet v. Intercept Pharmaceuticals Inc.*, No. 1:17-cv-07371-LAK (S.D.N.Y.) (same); *Khanna v. Ohr Pharmaceutical Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (same); *Lee v. Synergy Pharmaceuticals, Inc.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *Smith v. CV Sciences, Inc.*, No. 2:18-cv-01602-JAD-PAL (appointed as sole-lead counsel for the class).

## CONCLUSION

For the foregoing reasons, Remer respectfully requests that the Court (1) consolidate the Actions; (2) appoint Remer as Lead Plaintiff; (3) approve Remer's selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:  April 1, 2019                                    Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:___*/s/ Richard W. Gonnello*___
           Richard W. Gonnello

Richard W. Gonnello
Sherief Morsy
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
           smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Fred Remer and*
*[Proposed] Lead Counsel for the putative Class*

12