**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA, <br><br> Defendants. | No. 1:19-cv-00980-JPO <br><br> **FRED REMER'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA, <br><br> Defendants. | No. 1:19-cv-02308-JPO |

*(captions continue on next page)*

BOB BISHOP, Individually and On Behalf of All Others Similarly Situated,

                    Plaintiff,

           v.

REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,

                    Defendants.

No. 1:19-cv-02722-JPO

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ......................................................................................................................... 2

I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..................... 2

II.     REMER IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF PURSUANT TO
        THE PSLRA'S MOST ADEQUATE PLAINTIFF PRESUMPTION .............................. 3

        A.      Remer Possesses The Largest Financial Interest In The Litigation ........................ 4

        B.      Remer Meets Rule 23's Typicality And Adequacy Requirements ........................... 6

III.    THE REMAINING MOVANTS CLAIM MODEST LOSSES ....................................... 7

IV.     REMER'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD
        BE APPROVED ............................................................................................................ 8

CONCLUSION ...................................................................................................................... 8

Movant Fred Remer ("Remer")[1] respectfully submits this memorandum of law in further support of his motion for appointment as Lead Plaintiff pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), consolidation of the above-captioned actions (the "Actions"), approval of Remer's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel, and in opposition to all other competing motions.

## PRELIMINARY STATEMENT

Three issues concerning the Actions are presently before the Court: (1) whether the Actions should be consolidated; (2) which of the various movants should be appointed as Lead Plaintiff; and (3) whether the duly appointed Lead Plaintiff's proposed selection of Lead Counsel should be approved.

With respect to consolidation, all movants concede that the Actions should be consolidated. *See* Opening Br. at 4-5; ECF No. 8 at 3-4; ECF No. 12 at 4-5; ECF No. 14 at 3; ECF No. 17 at 4-5; and ECF No. 20 at 4-6. The Actions involve at least one common question of law or fact. Indeed, there are a myriad of such common questions. *See Glavan v. Revolution Lighting Technologies, Inc., et al.*, No. 1:19-cv-00980-JPO (S.D.N.Y.), Class Action Complaint For Violations Of The Federal Securities Laws, ECF No. 1; *Hubner v. Revolution Lighting Technologies, Inc., et al.*, No. 1-19-cv-02308-JPO (S.D.N.Y.), Class Action Complaint For Violations Of The Federal Securities Laws, ECF No. 1; *Bishop v. Revolution Lighting*

---

[1]    Unless stated otherwise, the following conventions apply: (1) all ECF references are to *Glavan v. Revolution Lighting Technologies, Inc., et al.*, No. 1:19-cv-00980-JPO (S.D.N.Y.); (2) all defined terms shall have the same meaning as they did in Remer's opening brief, *see* ECF No. 23 ("Opening Br."); (3) all ECF pin cites are to the document's native pagination, and if no native pagination is available, ECF pin cites then refer to the ECF-generated pagination; (4) all internal citations and quotations are omitted; and (5) all emphases are added to quotations.

*Technologies, Inc., et al.*, No. 1:19-cv-02722-JPO (S.D.N.Y.), Class Action Complaint For Violations Of The Federal Securities Laws, ECF No. 1.  The Actions should therefore be consolidated.

Under the PSLRA, 15 U.S.C. § 78u-4, where multiple class members seek to be appointed as Lead Plaintiff, Congress established a rebuttable presumption in favor of appointing the lead plaintiff movant who demonstrates the "largest financial interest in the litigation" provided the movant also makes a *prima facie* demonstration that the plaintiff satisfies Rule 23's typicality and adequacy requirements for class representatives. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With $1,308,632.02 in losses incurred in connection with his purchases of Revolution Lighting Technologies, Inc. ("Revolution Lighting" or the "Company") common stock during the Class Period, Remer possesses the largest financial interest of any class member who sought to be appointed Lead Plaintiff.  Additionally, Remer has made a *prime facie* showing that he satisfies the typicality and adequacy requirements of Rule 23(a) as his interests are aligned with the proposed class, he timely moved for appointment as Lead Plaintiff, and he retained counsel experienced in the prosecution of complex class actions.  *See* Opening Br. at 7-10.  Thus, Remer is entitled to the PSLRA's most adequate plaintiff presumption.  15 U.S.C. § 78u-4(a)(3)(B)(iii).

Although the presumption is rebuttable, the PSLRA requires "proof" that Remer is either inadequate or atypical.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists here. Accordingly, Remer respectfully requests that the Court grant his motion in its entirety.

## ARGUMENT

## I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation is appropriate when the actions before a court involve a common question of law **or** fact.  *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox,*

*Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions). Differences in causes of action, defendants, legal issues, or the class period do not render consolidation inappropriate if the cases present a sufficiently common question fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact and law. The Actions assert claims under the Exchange Act on behalf of investors who purchased Revolution Lighting securities during the Class Period. In fact, courts "routinely consolidate securities class actions." *See In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 568 (S.D.N.Y. 2015). Moreover, all movants concede that the Actions should be consolidated. *See* Opening Br. at 4-5; ECF No. 8 at 3-4; ECF No. 12 at 4-5; ECF No. 14 at 3; ECF No. 17 at 4-5; ECF No. 20 at 4-6.

## II.  REMER IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF PURSUANT TO THE PSLRA'S MOST ADEQUATE PLAINTIFF PRESUMPTION

The PSLRA directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011). The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the movant who "has the ***largest financial interest*** in the relief sought by the class," and who makes a *prima facie* showing that he satisfies Rule 23's criteria for class representatives. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), (cc).

First, the Court must "assess who has the largest financial interest in the action." *Foley*, 272 F.R.D. at 127. Second, the Court "must then focus its attention on ***that*** plaintiff and

determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Kuriakose v. Fed. Home Loan Mortg. Corp.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *2 (S.D.N.Y. Nov. 24, 2008) (quoting *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)).  Third, "[i]f the plaintiff with the [greatest] financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id.*  Once the presumptive lead plaintiff is chosen, other plaintiffs are afforded an opportunity to present **evidence** to rebut the presumptive lead plaintiff's Rule 23(a) showing.  *Id.* at *3.  Mere speculation concerning the plaintiff's adequacy or atypicality is insufficient to rebut the PSLRA's presumption.  *See Foley*, 272 F.R.D. at 133.

## A.      Remer Possesses The Largest Financial Interest In The Litigation

While the PSLRA does not prescribe the methodology for calculating each movant's financial interest, courts in this Circuit have typically looked to the following four factors, known as the "Olsten-Lax" factors, in the inquiry: (1) the number of shares purchased by the movant during the class period; (2) the number of net shares purchased by the movant during the class period; (3) the total net funds expended by the movant during the class period; and (4) the approximate losses suffered by the movant.  *See id.* at 127-28; *GE*, 2009 WL 2259502, at *4; *see also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).  The most critical of the four factors is the approximate losses suffered by the movant. *See, e.g.*, *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 9476875, at *5 (S.D.N.Y. Mar. 19, 2012) (Oetken, J.) ("It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'"); *see also Millennial Media*, 87 F. Supp. 3d at 569 ("Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant."); *In re*

4

*Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132 (PAE), 2015 WL 5244735, at *4 (S.D.N.Y. Sept. 8, 2015) (collecting cases, and noting that "courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant").

When accounting for approximate losses, courts have repeatedly adopted the last-in, first-out ("LIFO") methodology in order to more accurately reflect the plaintiff's financial interest in the case's outcome. *Foley*, 272 F.R.D. at 129 (applying LIFO and noting that "courts in this district and others have stated a preference for LIFO over FIFO in assessing loss for purposes of the appointment of lead plaintiff"); *Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416 (SHS) (AJP), 2007 WL 4526532, at *5 (S.D.N.Y. Dec. 21, 2007) (using LIFO and noting that "FIFO may overstate actual losses suffered by stockholders"); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005); ("[M]ore recently, courts have preferred LIFO and have generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases."). Under the LIFO method, the shares that were acquired most recently are assumed to be the first shares sold. *See In re eSpeed*, 232 F.R.D. at 102.[2]

As illustrated in the following chart listing the remaining movants' financial interests,[3] Remer has the largest approximate losses of any other movant:

| Movant | Approx. LIFO Losses |
| --- | --- |
| **Fred Remer** | **$1,308,623.02** |
| Patrick Graham<br>Wendy Graham | $193,874.01<br>$636,554.81 |
| TOTAL: | $830,428.82 |

---

[2]    Thus, if an investor bought a share for $10, then bought another for $50, and later sold one share for $50, the investor's LIFO loss/gain would be $0 (pairing the $50 share sale with the "last in" $50 share purchase).

[3]    On April 12, 2019, movant Chris Hubner filed a notice of non-opposition to the competing motions (ECF No. 30) and movants Craig Holman and Russell Hopewell filed a notice of withdrawal of their lead plaintiff motion (ECF No. 31).

| Xinying Gong | $410,829.74 |
| Police and Fire Retirement System of the City of Detroit | $393,624.84 |

Accordingly, since Remer has the largest financial interest in the litigation, he is presumed to be the "most adequate plaintiff" so long as he made a *prima facie* evidentiary showing that he otherwise satisfies Rule 23's requirements for class representatives. *See Varghese v. Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

**B.      Remer Meets Rule 23's Typicality And Adequacy Requirements**

Having established that he possesses the largest financial interest, Remer is entitled to invoke the most adequate plaintiff presumption because he made a *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *In re eSpeed*, 232 F.R.D. at 98-99 ("The lead plaintiff determination does not depend on the court's judgment of which party would be best lead plaintiff for the class, but rather which candidate fulfil[l]s the requirements of the Act."); *Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As evidenced by his certification (ECF No. 24-2), Remer's claims are typical of the Class's claims because he acquired Revolution Lighting common stock at prices that were artificially inflated by the defendants' misconduct and suffered related losses. *See Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) (finding movant adequate where he "indicated in his certification his willingness to serve as Lead Plaintiff"); *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007

6

(SJF) (AKT), 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010) ("Pompano meets this requirement because Pompano, like the other purported class members in this action, alleges that it purchased or otherwise acquired Comtech stock during the class period at artificially inflated prices in reliance upon Defendants' misrepresentations in violation of the Exchange Act, and also that it incurred damages as a result.").

Additionally, Remer demonstrated that he satisfies Rule 23's adequacy requirement by moving for Lead Plaintiff, filing the requisite certification, and selecting counsel—the Faruqi Firm—with the requisite skills, experience, and competence to prosecute the Actions vigorously and efficiently in the best interests of the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 WL 2078010, at *2-3 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *In re GE*, 2009 WL 2259502, at *5; *see also* ECF Nos. 24-2, 24-4.

Consequently, Remer is the presumptive Lead Plaintiff.  In order to overcome the strong presumption in favor of appointing Remer as Lead Plaintiff, the PSLRA requires "proof" that Remer is either inadequate or atypical to serve as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists here; and therefore, Remer should be appointed as Lead Plaintiff for the consolidated Actions.

## III.    THE REMAINING MOVANTS CLAIM MODEST LOSSES

The remaining movants possess smaller financial interests than Remer in the litigation, as set forth in the chart above.  Section I.A., *supra*.  Therefore, under the PSLRA, their motions for Lead Plaintiff should be denied.  *See Bioenvision, Inc.*, 2007 WL 4526532, at *6 ("Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."); *In re eSpeed*, 232 F.R.D. at 98-99 ("The lead plaintiff determination does not

depend on the court's judgment of which party would be best lead plaintiff for the class, but rather which candidate fulfil[l]s the requirements of the Act."); *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

## IV.    REMER'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the putative Class, subject to the Court's approval.  *See In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2006 WL 991003, at *6 (S.D.N.Y. Apr. 17, 2006) ("The court should generally employ a deferential standard in reviewing the lead plaintiff's choice[].").  Remer has selected the Faruqi Firm to be Lead Counsel.  The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions.  *See* Opening Br. at 10-12; ECF No. 24-4.  Accordingly, Remer respectfully requests that the Court approve Remer's selection of the Faruqi Firm as Lead Counsel.

## CONCLUSION

Because Remer has the largest financial interest in the Actions and satisfies Rule 23's typicality and adequacy requirements, Remer's motion should be granted in its entirety.

Dated:  April 15, 2019

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:      */s/ Richard W. Gonnello*
          Richard W. Gonnello

Richard W. Gonnello

8

Megan Sullivan
Sherief Morsy
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
      msullivan@faruqilaw.com
      smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Fred Remer and
[Proposed] Lead Counsel for the putative Class*