**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | CASE No.: 1:19-cv-00980-JPO<br><br>**REPLY MEMORANDUM OF LAW OF PATRICK AND WENDY GRAHAM IN FURTHER SUPPORT OF THEIR LEAD PLAINTIFF MOTION**<br><br>**CLASS ACTION** |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | **CASE No.: 1:19-cv-02308-JPO**<br><br>**CLASS ACTION** |

*Captions Continue on Following Page*

|  |  |
|---|---|
| BOB BISHOP, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | **CASE No.: 1:19-cv-02722-JPO**<br><br>**CLASS ACTION** |

Only two movants remain: Patrick and Wendy Graham (the "Grahams"); and Fred Remer ("Remer").

Contrary to Remer's opposition, he does not have the largest financial interest. As noted in the Grahams' opposition (Dkt. No. 32 at 1, 2), Remer's Last-In-First-Out ("LIFO") losses – assuming his most recent purchases are first sold as required by LIFO[1] – are \$817,948.68 – without discounting for any losses on shares sold prior to a partial or fully corrective disclosure.[2] Additionally, Remer purchased 88,060 net shares of Revolution Lighting Technologies, Inc. ("Revolution Lighting") securities. (Dkt. No. 32-1).

In contrast, the Grahams, a sophisticated married couple with substantial investing experience, have the largest LIFO losses of \$830,428.82. (Dkt. No. 12-3). The Grahams also purchased the most net shares – 301,286 versus Remer's 88,606 net shares – an important metric is assessing financial interest.[3] Unlike Remer, the Grahams have submitted additional

---

[1] *Bo Young Cha v. Kinross Gold Corp.*, No. 12 CIV. 1203 PAE, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012).

[2] *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) ("But if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss.").

[3] *See, e.g., Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010) (movant with "the largest losses and the largest number of net shares purchased…is presumed to have the

1

information about their backgrounds to further bolster their adequacy and typicality. *See* Declaration of Patrick and Wendy Graham ("Graham Decl.") (Dkt. No. 32-2).  The Grahams, both college graduates, have been investing in the stock market for over 20 years. Graham Decl. ¶¶2-3. They both understand the requirements of being a lead plaintiff and the duties imposed by the PSLRA, including overseeing the litigation and the attorneys. *Id.* at ¶¶1, 5. The Grahams lost a substantial amount of money in their transactions of Revolution Lighting securities, thus, they are particularly committed to prosecuting this action for the benefit of Revolution Lighting shareholders. *Id.* at ¶¶4-5. They have already demonstrated their commitment to the action, as they took the time to evaluate the merits of the case as well as counsel and then decided to proceed ahead with filing a motion for their appointment as lead plaintiffs. *Id.* at ¶¶4, 6. Not surprisingly, Remer does not challenge the Grahams' adequacy or typicality.

In short, the Grahams have the largest financial interest and have made a *prima facie* showing of adequacy and typicality and thus are the presumptive the lead plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii). Because no movant has come forward with proof to rebut the presumption,[4] the Grahams should be appointed as Lead Plaintiffs and their selection of The Rosen Law Firm P.A. as lead counsel should be approved.[5]

---

largest financial interest and is therefore the presumptive lead plaintiff."); *Schueneman v. Arena Pharm., Inc.*, No. 10CV1959 BTM BLM, 2011 WL 3475380, at *4 (S.D. Cal. Aug. 8, 2011) (movant with largest number of retained shares has greatest financial interest.); *Ruland v. InfoSonics Corp.*, No. 06CV1231 BTMWMC, 2006 WL 3746716, at *6 (S.D. Cal. Oct. 23, 2006) (movant with the largest number of net shares has the greatest potential damages recovery.).

[4] *Reimer v. Ambac Fin. Grp., Inc.*, No. 08 CIV. 1273(NRB), 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (movant's "purported conflict of interest is theoretical" and therefore the attempt to rebut the presumption fails as it is based on conjecture); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *In re Cendant Corp. Litig.,* 264 F.3d 201, 270 (3d Cir. 2001) ("[a]llegations of impropriety are not proof of wrongdoing.").

[5] No movant challenges the adequacy of The Rosen Law Firm P.A.

**CONCLUSION**

For the foregoing reasons, the Grahams' motion should be granted in its entirety and the competing motions should be denied.


Dated: April 22, 2019                    Respectfully submitted,

                                         **THE ROSEN LAW FIRM, P.A.**

                                         /s/ Phillip Kim
                                         Phillip Kim, Esq. (PK 9384)
                                         Laurence M. Rosen, Esq. (LR 5733)
                                         275 Madison Avenue, 34th Floor
                                         New York, New York 10016
                                         Telephone: (212) 686-1060
                                         Fax: (212) 202-3827
                                         Email: pkim@rosenlegal.com
                                         Email: lrosen@rosenlegal.com

                                         *[Proposed] Lead Counsel for Plaintiffs and the Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 22, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>

4