**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES GLAVAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | No. 1:19-cv-00980-JPO<br><br>**MEMORANDUM OF LAW IN SUPPORT OF FRED REMER'S MOTION FOR CONSOLIDATION** |
| CHRIS HUBNER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>Defendants. | No. 1:19-cv-02308-JPO |

*(captions continue on next page)*

|  |  |
|---|---|
| FRED REMER, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>REVOLUTION LIGHTING TECHNOLOGIES, INC., ROBERT V. LAPENTA, CHARLES J. SCHAFER, and JAMES A. DEPALMA,<br><br>                      Defendants. | No. 1:19-cv-04252-JPO |

Lead Plaintiff movant[1] and plaintiff Fred Remer respectfully submits this memorandum of law pursuant to Federal Rule of Civil Procedure 42(a)(2), in support of his motion for the entry of an order consolidating the above-captioned actions (the "Actions")[2].

## PRELIMINARY STATEMENT

Presently pending before this Court are three securities class Actions brought on behalf of a putative class of investors who purchased or otherwise acquired the securities of Revolution Lighting Technologies, Inc. ("Revolution Lighting" or the "Company") between March 14, 2014 and November 14, 2018, inclusive. *See Glavan*, ECF No. 1 at ¶1; *Hubner*, ECF No. 1 at ¶1; *Remer*, ECF No. 1 at ¶1.

On March 18, 2019, the *Hubner* action was accepted as related to the first-filed *Glavan* action and was reassigned to this Court. *See Hubner*, Mar. 18, 2019 docket entries. The *Remer* action was filed thereafter, accepted as related to the *Glavan* action, and reassigned to this Court. *See Remer*, ECF No. 1 & May 15, 2019 docket entries. Now that the Actions have been assigned to one court—namely, this Court—they can be consolidated under Fed. R. Civ. P. 42(a). *See* Fed. R. Civ. P. 42(a) (providing for consolidation of actions that are "before the court").

## FACTUAL BACKGROUND

Revolution Lighting is incorporated in Delaware and headquartered in Stamford, Connecticut. *Glavan*, ECF No. 1 at ¶16; *Hubner*, ECF No. 1 at ¶16; *Remer*, ECF No. 1 at ¶20.

---

[1]     The motions for appointment of Lead Plaintiff and Lead Counsel are currently pending.

[2]     The Actions are as follows: (1) *Glavan v. Revolution Lighting Technologies, Inc., et al.*, No. 1:19-cv-00980-JPO ("*Glavan*"), which was commenced on January 31, 2019; (2) *Hubner v. Revolution Lighting Technologies, Inc., et al.*, No. 1-19-cv-02308-JPO ("*Hubner*"), which was commenced on March 14, 2019; and (3) *Remer v. Revolution Lighting Technologies, Inc.*, No. 1:19-cv-04252-JPO, which was commenced on May 10, 2019. Unless stated otherwise, all internal citations are omitted and all emphases are added.

1

Revolution Lighting's common stock trades on the NASDAQ stock exchange under the symbol "RVLT." *Glavan*, ECF No. 1 at ¶16; *Hubner*, ECF No. 1 at ¶16; *Remer*, ECF No. 1 at ¶20.

The Actions allege that Revolution Lighting and certain of its officers and/or directors knowingly and/or recklessly made false and/or misleading statements and/or failed to disclose that: (1) that the Company was improperly recognizing revenue for certain transactions; (2) that, as a result, the Company's financial statements were misstated; (3) that the Company lacked adequate internal controls over financial reporting; (4) that, as a result, the Company would be subject to regulatory scrutiny and incur substantial costs; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *See, e.g.*, *Glavan*, ECF No. 1 at ¶¶9, 44; *Hubner*, ECF No. 1 at ¶¶9, 44; *Remer*, ECF No. 1 at ¶¶13, 52.

Over time, the truth emerged thereby causing the Company's stock price to drop and harm the Company's investors. *See, e.g.*, *Glavan*, ECF No. 1 at ¶10; *Hubner*, ECF No. 1 at ¶10; *Remer*, ECF No. 1 at ¶14.

## ARGUMENT

Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it if the actions involve a single common question of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, legal issues, or the class period do not render consolidation inappropriate if the cases present a sufficiently common question or questions of fact or law, and the differences do not outweigh the interest of judicial economy served by

2

consolidation.  *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, 2009 WL 2259502, at \*2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact **and** law.  The Actions assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 on behalf of investors who were defrauded by the same defendants.  *See Glavan*, ECF No. 1 at ¶¶1, 11, 16-19; *Hubner*, ECF No. 1 at ¶¶1, 11, 16-19; *Remer*, ECF No. 1 at ¶¶1, 15, 20-23.  The Actions allege substantially the same wrongdoing, namely that the defendants issued materially false and/or misleading statements that artificially inflated the price of Revolution Lighting securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged.  *See, e.g.*, *Glavan*, ECF No. 1 at ¶¶1-10, 24-51; *Hubner*, ECF No. 1 at ¶¶1-10, 24-51; *Remer*, ECF No. 1 at ¶¶1-14, 28-59.  Consolidation of the Actions is therefore appropriate. *See Bassin v. DeCODE Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (finding that "consolidation is particularly appropriate in the context of securities class actions" where the complaints are "based on the same statements and the defendants will not be prejudiced[]").

### CONCLUSION

For the foregoing reasons, Remer respectfully requests that the Court consolidate the Actions and grant such other relief as the Court may deem just and proper.

Dated:  July 26, 2019                    Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:____ */s/ Richard W. Gonnello*
            Richard W. Gonnello

Richard W. Gonnello
Katherine M. Lenahan
Sherief Morsy
685 Third Avenue, 26th Floor

3

New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
        klenahan@faruqilaw.com
        smorsy@faruqilaw.com

*Attorneys for [Proposed] Lead Fred Remer and
[Proposed] Lead Counsel for the putative Class*

4