**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: REVOLUTION LIGHTING TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:19-cv-00980-JPO |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement, dated as of March 18, 2020 (the "Stipulation") is made and entered into by and among: (i) Lead Plaintiff Fred Remer, on behalf of himself and each of the Class Members (as defined herein), by and through his counsel of record in the above-captioned Litigation (as defined herein); and (ii) defendants Robert V. LaPenta, Charles J. Schafer, and James A. DePalma (collectively, the "Individual Defendants") and Revolution Lighting Technologies, Inc. ("Revolution Lighting") (collectively, "Defendants"), by and through their counsel of record in this Litigation.  This Stipulation is intended to fully, finally, and forever compromise, settle, remise, release, resolve, relinquish, waive, and discharge the Released Plaintiffs' Claims (as defined herein) as against all Defendant Releasees (as defined herein), and all Released Defendants' Claims (as defined herein) as against the Plaintiff Releasees (as defined herein), subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

Beginning on January 31, 2019, four putative securities class actions were filed in the United States District Court for the Southern District of New York, asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and United States Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated

thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  *See Glavan v. Revolution Lighting Technologies, Inc., et al.*, No. 1:19-cv-00980-JPO (S.D.N.Y.); *Hubner v. Revolution Lighting Technologies, Inc., et al.*, No. 1:19-cv-02308-JPO (S.D.N.Y.); *Bishop v. Revolution Lighting Technologies, Inc., et al.*, No. 1:19-cv-02722-JPO (S.D.N.Y.); *Remer v. Revolution Lighting Technologies, et al.*, 1:19-cv-04252 (S.D.N.Y.) ("*Remer* Docket").

On July 29, 2019, the Court consolidated the actions under the caption *In re: Revolution Lighting Technologies, Inc. Securities Litigation*, Case No. 1:19-cv-00980-JPO (S.D.N.Y.) and appointed Fred Remer as Lead Plaintiff and Faruqi & Faruqi, LLP as Lead Counsel, pursuant to the Private Securities Litigation Reform Act of 1995.  *See* ECF No. 45 at 11-12; *Remer* Docket, ECF No. 14.  This consolidated securities class action is referred to herein as the "Litigation."

On October 17, 2019, the parties engaged in an in-person mediation session before Jed Melnick, Esq., a highly experienced securities litigation mediator.  The mediation was preceded by submission of mediation statements and exhibits.  The mediation session was attended by Lead Plaintiff's counsel, Defendants' counsel, and certain of Defendants' insurance carriers. The parties came to an agreement in principle during the mediation session and thereafter engaged in negotiations regarding the complete terms of the Settlement which are set forth in this Stipulation and which are subject to approval by the Court.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, each and every claim and contention alleged by Lead Plaintiff in the Litigation.  Defendants have expressly denied, and continue to deny, all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants believe that Lead Plaintiff's allegations of fraud have no merit and that a class could not be certified under Rule 23.  Defendants have also denied, and continue to deny, *inter alia*, the

allegation that Lead Plaintiff or the Class have suffered damage, that the price of Revolution Lighting securities was artificially distorted by reasons of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiff or the Class was harmed by the conduct alleged in the Litigation.

Without admitting the validity of any of the claims that have been asserted in the Litigation, or any liability with respect thereto, Defendants have concluded that further conduct of the Litigation would be protracted and expensive. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants, therefore, have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiff and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. Lead Plaintiff and Lead Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiff and Lead Counsel have also considered that Defendants' available insurance was being rapidly depleted by the cost of defending the Litigation and contemporaneous shareholder derivative litigation, as well as the costs related to an investigation of Revolution Lighting by the SEC. In addition, Lead Plaintiff and Lead Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Plaintiff and Lead Counsel are also mindful of the inherent problems of proof and the possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff and Lead Counsel believe that the Settlement

set forth in this Stipulation confers substantial benefits upon the Class and is fair, reasonable, adequate, and in the best interests of Lead Plaintiff and the Class.

IV.     **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the Class Members) and Defendants, by and through their respective counsel that, subject to the approval of the Court, the Released Plaintiffs' Claims and Released Defendants' Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, the Defendant Releasees and the Plaintiff Releasees, upon and subject to the terms and conditions of this Stipulation, as follows:

1.     **Definitions**

As used in this Stipulation, the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2     "Claim" means the submission to be made by Class Members, on the Proof of Claim and Release form attached hereto as Exhibit A-2, or as may be required by the District Court.

1.3     "Claims Administrator" means the firm of Epiq Class Action & Claims Solutions, Inc.

1.4     "Class" means, for the purposes of settlement only, all Persons who purchased or otherwise acquired the publicly traded securities of Revolution Lighting between March 14, 2014 and November 14, 2018, inclusive, and were damaged thereby.  Excluded from the Class are: (a) Persons who suffered no compensable losses, *e.g.*, those who purchased or acquired

Revolution Lighting securities during the Class Period but sold prior to any alleged partial corrective disclosure; (b) Defendants; (c) the officers and directors of the Company at all relevant times; (d) members of any Defendant's immediate families; (e) any entity in which Defendants have or had a controlling interest; (f) the legal representatives, heirs, successors, and assigns of such excluded parties; and (g) any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

1.5     "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.4 above.

1.6     "Class Period" means the period from March 14, 2014 through November 14, 2018, inclusive.

1.7     "Complaints" means the complaints filed in the Court on behalf of shareholders asserting claims against Revolution Lighting and others under the Exchange Act, including: *Remer v. Revolution Lighting Techs., Inc., et al*., No. 1:19-cv-04252 (S.D.N.Y.); *Glavan v. Revolution Lighting Techs., Inc., et al*., No. 1:19-cv-00980-JPO (S.D.N.Y.); *Hubner v. Revolution Lighting Techs., Inc., et al.*, No. 1:19-cv-02308-JPO (S.D.N.Y.); *Bishop v. Revolution Lighting Techs., Inc., et al*., No. 1:19-cv-02722-JPO (S.D.N.Y.).

1.8     "Defendants" means Revolution Lighting and the Individual Defendants.

1.9     "Defendant Releasees" means the Defendants, their predecessors, successors, past, present and future parents, subsidiaries and affiliates, and their respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers and related or affiliated entities, legal representatives, heirs, executors, and assigns, in their capacities as such.

1.10    "Effective Date," or the date upon which this Settlement becomes "effective," means the date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met or have occurred or have been waived.

1.11    "Escrow Account" means the segregated and separate escrow account designated and controlled by the Escrow Agent at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of the Class.

1.12    "Escrow Agent" means Huntington National Bank or its successor.

1.13    "Excluded Claims" means the (i) pending derivative claims brought on behalf of Revolution Lighting in the United States District Courts for the Southern District of New York and Connecticut based on allegations of the same or interrelated with the claims referred to in the Complaints (including, for example: *Jenkins, et al. v. Lapenta, et al*., No. 3:19-cv-00621-JBA (D. Conn.); *In re Revolution Lighting Techs., Inc. Derivative Action*, No. 1:19-cv-03913-JPO (S.D.N.Y.)), and any similar claims that may be filed or consolidated therewith; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Complaints; (iii) any claims asserted in *Graham v. Revolution Lighting Technologies, Inc., et al.,* Case No. 19-cv-8337 (S.D.N.Y.); or (iv) any claims relating to the enforcement of the Settlement.

1.14    "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (a) the expiration of the time to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (b) the time in which to appeal the judgment has passed without any appeal having been taken; and (c) if there is a motion to alter or amend the judgment or an appeal from the judgment, the date of final affirmance of the

judgment and the expiration of the time for any further judicial review (whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise) in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  With respect to the definition of "Final," an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of Lead Counsel's attorneys' fees and expenses, payment to Lead Plaintiff for his reasonable costs and expenses, the Plan of Allocation of Settlement proceeds, or the procedures for determining the recognized claims of Class Members eligible to receive a disbursement from the Settlement.

1.15    "Final Approval Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

1.16    "Individual Defendants" means Robert V. LaPenta, Charles J. Schafer, and James A. DePalma.

1.17    "Judgment" means the Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.18    "Lead Counsel" means Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017.

1.19    "Lead Plaintiff" means Fred Remer.

1.20    "Litigation" means the consolidated securities class action captioned *In re Revolution Lighting Techs., Inc. Sec. Litig.*, No. 1:19-cv-00980-JPO (S.D.N.Y.).

1.21    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, expenses, and any award to Lead Plaintiff, provided for herein or approved by the Court, and less

Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.22     "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.23     "Notice and Administration Expenses" means reasonable costs and expenses incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any. Such expenses do not include legal fees and expenses.

1.24     "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.25     "Plaintiff Releasees" means Lead Plaintiff, Lead Counsel, each and every Class Member, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Plaintiff Releasee who is an individual, as well as any trust of which any Plaintiff Releasee is the settlor or which is for the benefit of any of their immediate family members.  Plaintiff

Releasees does not include any Person who timely (as determined by the Court) and validly seeks exclusion from the Class.

1.26    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation, and the Defendant Releasees shall not have any responsibility or liability with respect thereto.  Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.  Defendants will have no role in formulating the Plan of Allocation or administering it.

1.27    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice as approved by the Court, substantially in the form attached hereto as Exhibit A.

1.28    "Proof of Claim and Release" means a Proof of Claim and Release, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.29    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" includes "Unknown Claims" as defined in ¶1.38 hereof.

1.30    "Released Plaintiffs' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known or unknown, direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common,

foreign or other law, rule or regulation, that Plaintiff or any other member of the Class (a) asserted in the Complaints, or (b) could have asserted or could in the future assert in any court or forum based upon, relating to or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act or omissions that were alleged, set forth, or referred to in the Complaints and that relate in any way, directly or indirectly, to the purchase or sale of Revolution Lighting common stock during the Class Period.  Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement or (ii) any Excluded Claims.  "Released Plaintiffs' Claims" includes "Unknown Claims" as defined in ¶1.38 hereof.

1.31    "Revolution Lighting" or the "Company" means Revolution Lighting Technologies, Inc.

1.32    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.33    "Settlement Amount" means Two Million Eighty-Three Thousand Three Hundred Thirty-Three U.S. Dollars and Thirty-Three U.S. Cents ($2,083,333.33) in cash to be paid to the Escrow Agent by wire transfer, check, or as otherwise agreed pursuant to ¶2.1 of this Stipulation.

1.34    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.35    "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of himself and the Class.

1.36    "Summary Notice" means the Summary Notice for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.37    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.38    "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Defendant Releasees, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her, them, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the

Judgment shall have, fully, finally, and forever settled and released any and all Released

Plaintiffs' Claims and Released Defendants' Claims, known or unknown, suspected or

unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured,

whether or not concealed or hidden, which now exist, or heretofore have existed, upon any

theory of law or equity now existing or coming into existence in the future, including, but not

limited to, conduct which is negligent, intentional, with or without malice, or a breach of any

duty, law or rule, without regard to the subsequent discovery or existence of such different or

additional facts.  Lead Plaintiff and Defendants acknowledge, and the Class Members shall be

deemed by operation of the Judgment to have acknowledged, that the foregoing waivers, and the

inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released

Defendants' Claims, were separately bargained for and material elements of the Settlement.

**2.      The Settlement**

      **a.      The Settlement Amount**

2.1      Within twenty (20) calendar days after entry of the Preliminary Approval Order, the

Settlement Amount will be paid by Defendants' insurer in accordance with the instructions to be

provided by the Escrow Agent.  Payment of the Settlement Amount may be made by wire

transfer, by delivering to the Escrow Agent a check or checks payable to the Settlement Fund, by

any combination of those methods, or in any other manner agreed upon by Lead Plaintiff and

Defendants.  Within one (1) business day of entry of the Preliminary Approval Order, Lead

Counsel will furnish to Defendants' counsel adequate payment instructions consisting of wire

transfer instructions, instructions for payment by check, and a completed IRS Form W-9 for the

Settlement Fund, including an address and tax ID number.

2.2     If the entire Settlement Amount is not timely paid to the Escrow Agent, Lead Plaintiff may terminate the Settlement but only if (a) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Agent within ten (10) calendar days after Lead Counsel has provided such written notice.  Failure by Lead Counsel to timely furnish adequate payment instructions to Defendants' counsel pursuant to ¶2.1 shall not be a basis for termination under this section and any delay in providing such instructions shall extend the period in which the Settlement Amount will be paid under ¶2.1 by an equivalent number of days.

2.3     The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated Escrow Account maintained by the Escrow Agent.  No interest shall be earned or paid on the Settlement Amount prior to payment into the Escrow Account.

2.4     Other than the CAFA expenses referred to in ¶3.1, which will be paid by Revolution Lighting, Defendants shall have no obligation to make any payment in connection with the Settlement or to any Class Member arising from the Released Plaintiffs Claims.

**b.      The Escrow Agent**

2.5     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury Securities or other instruments or accounts backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.  The Defendant Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to

investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Settlement Fund shall indemnify and hold each of the Defendant Releasees and their counsel harmless for the actions of the Escrow Agent.

2.6     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.8     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.9     The Settlement is non-recapture; *i.e.*, it is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, or any other Person who paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Proof of Claim and Release forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶7.5 below.

2.10    The Escrow Agent may, at any time after entry of the Preliminary Approval Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000 from the Settlement Fund prior to or after the Effective Date to pay

14

Notice and Administration Expenses. After the Effective Date, additional amounts, up to a total of $100,000, may be transferred from the Settlement Fund to pay for any additional Notice and Administration Expenses without further order of the Court. Any additional Notice and Administration Expenses in excess of $100,000 shall be paid from the Settlement Fund subject to prior approval of the Court.

      **c.**    **Taxes**

      2.11    (a)    The Settling Parties, the Escrow Agent, and the Claims Administrator agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. The Claims Administrator shall be responsible for timely making such elections as are necessary or advisable to carry out the provisions of this paragraph, including but not limited to the "relation-back election" (as defined in Treasury Reg. § 1.468B-1) to the earliest permitted date. Such elections shall comply with the procedures and requirements in such regulations. Additionally, it shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

      (b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator (as defined in Treas. Reg. § 1.468B-2(k)(3)). The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated

Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)      All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendant Releasees or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Defendant Releasees and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Defendant Releasees and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court as directed by Lead Counsel and the Claims Administrator.  The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)) as directed by Lead Counsel and the Claims Administrator.  The Settling Parties hereto agree to cooperate with the Escrow

Agent, the Claims Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

> **d.    Termination of Settlement**

2.12    In the event that this Stipulation is not approved or this Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from counsel for Defendants in accordance with ¶7.5 herein.

**3.    Preliminary Approval Order and Final Approval Hearing**

3.1    Within ten (10) business days of the execution of this Stipulation, Lead Counsel shall apply for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement.  Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, approval of the form and content of the Notice, Summary Notice, and Proof of Claim and Release, approval for the mailing of the Notice and Proof of Claim and Release, and publication of the Summary Notice, substantially in the forms of Exhibits A-1, A-2, and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Final Approval Hearing as defined below.  Defendants are solely responsible for determining the form of notice to be provided for the purpose of satisfying the requirements of the Class Action Fairness Act, including its drafting

and all costs related thereto.  The Claims Administrator shall mail the CAFA Notice, at the expense of Defendants, and shall submit an affidavit describing the efforts taken to effect such notice.

3.2     Revolution Lighting shall provide and/or cause its transfer agent to provide Lead Counsel, at no cost to Lead Plaintiff or the Class, a list of the names and addresses of record owners of Revolution Lighting securities during the Class Period in a usable electronic format, such as an Excel spreadsheet.  It shall be Lead Counsel's responsibility to disseminate the Notice, Proof of Claim and Release, and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Defendant Releasees with respect to any claims they may have that arise from any failure of the notice process.

3.3     Lead Counsel shall request that after notice is given, the Court hold the Final Approval Hearing and approve the Settlement of the Litigation as set forth herein.  The Final Approval Hearing shall occur no earlier than 100 days from the date of the Court's allowance of the Preliminary Approval Order to allow compliance with CAFA.  At or after the Final Approval Hearing, Lead Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application and Lead Plaintiff's request for payment of his reasonable costs and expenses, if any.

**4.     Releases**

4.1     Upon the Effective Date, as defined in ¶1.10 hereof, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged all Released Plaintiffs' Claims against the Defendant Releasees and shall be forever

and permanently barred and enjoined from prosecuting any or all of the Released Plaintiffs'

Claims against any of the Defendant Releasees, whether or not such Class Member executes and

delivers the Proof of Claim and Release, whether or not such Class Member shares in the

Settlement Fund, and whether or not such Class Member objects to the Settlement.  Claims to

enforce the terms of this Stipulation are not released.

4.2     The Proof of Claim and Release to be executed by Class Members shall release all

Released Plaintiffs' Claims against the Defendant Releasees and shall be substantially in the

form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, as defined in ¶1.10 hereof, all Class Members and

anyone claiming through or on behalf of any of them, will be forever barred and permanently

enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or

other proceeding in any court of law or equity, arbitration tribunal, or administrative forum,

asserting the Released Plaintiffs' Claims against any of the Defendant Releasees.

4.4     Upon the Effective Date, as defined in ¶1.10 hereof, each of the Defendants shall

be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever

compromised, settled, remised, released, resolved, relinquished, waived and discharged all

Released Defendants' Claims against the Plaintiff Releasees.  Claims to enforce this Stipulation

are not released.

## 5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may

be necessary or as circumstances may require, shall administer and calculate the Claims

submitted by Class Members and shall oversee distribution of the Net Settlement Fund to

Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

     (a)     to pay all Notice and Administration Expenses;

     (b)     to pay the Taxes and Tax Expenses;

     (c)     to pay attorneys' fees and expenses of Lead Plaintiff's counsel (the "Fee and Expense Award"), and to pay Lead Plaintiff for his reasonable costs and expenses, if and to the extent allowed by the Court; and

     (d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

5.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the

Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6     Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00 in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s), which is not feasible or economical to reallocate among Authorized Claimants, shall be donated to Investor Protection Trust, a nation-wide non-profit organization dedicated to providing investor education and advocacy.

5.7     The Defendant Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination,

21

administration, or calculation of claims to be paid from the Settlement Fund; (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendant Releasees with respect to the matters set forth in ¶¶5.1-5.9 hereof; and the Class Members, Lead Plaintiff, and Lead Counsel release the Defendant Releasees from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.8     No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth herein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein.

## 6.     Lead Plaintiff's Counsel's Attorneys' Fees and Expenses

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned

by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2     Any fees and expenses awarded by the Court shall be paid to Lead Counsel from the Settlement Fund, as ordered, within ten (10) calendar days of the court executing the Judgment and an order awarding such fees and expenses.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel with respect to the entire Fee and Expense Award shall within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest accrued thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Lead Counsel, on behalf of itself and each partner of Faruqi & Faruqi, LLP, agrees that Faruqi & Faruqi, LLP and its partners are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and each shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court.

6.4     Lead Counsel's Fee and Expense Application may include a request for reimbursement of Lead Plaintiff's reasonable costs and expenses in connection with his representation of the Class pursuant to 15 U.S.C. § 78u-4(a)(4).  However, in the event that the Effective Date does not occur, or the Judgment or the order approving an award for Lead Plaintiff's reasonable costs and expenses is reversed or modified, or this Stipulation is canceled

or terminated for any other reason, and such reversal, modification, cancellation or termination becomes final and not subject to review, then Lead Plaintiff shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amounts for reasonable costs and expenses previously paid to him from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal or modification.

6.5     The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses, or the reasonable costs and expenses of Lead Plaintiff, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of this Stipulation or on the validity or enforceability of this Settlement.  If the amount finally awarded for attorneys' fees and expenses or the reasonable costs and expenses of Lead Plaintiff is less than the amount sought by Lead Counsel, then this will not be a basis for setting aside the Settlement.  Any order or proceeding relating to applications for Lead Counsel's attorney's fees and expenses, or Lead Plaintiff's reasonable costs and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein.

6.6     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.1, the Defendant

24

Releasees shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel or Lead Plaintiff.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1      The Effective Date of this Stipulation shall be conditioned on the occurrence of all the following events:

(a)      the Court has entered the Preliminary Approval Order, as required by ¶3.1 hereof;

(b)      the Settlement Amount has been deposited into the Escrow Account;

(c)      Defendants have not exercised their option to terminate this Stipulation pursuant to ¶7.4 hereof;

(d)      the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)      the Judgment has become Final, as defined in ¶1.14 hereof.

7.2      Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3      If the conditions specified in ¶7.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Lead Counsel and counsel for the Defendants mutually agree in writing to proceed with this Stipulation.

7.4      If Persons who would otherwise be Members of the Class have timely (as determined by the Court) and validly requested exclusion from the Class, Revolution Lighting shall have the right (but not obligation) to terminate the Settlement in the event that a particular confidential threshold of Class Members subject to this Settlement exclude themselves from the

Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between

Lead Plaintiff and Defendants, by and through their counsel, describing the procedure and

threshold, which shall be binding as if set forth herein.  The Supplemental Agreement will not be

filed with the Court unless required by Court rule or unless and until a dispute as between Lead

Plaintiff and Defendants concerning its interpretation or application arises, and in that event, the

parties shall request that the Supplemental Agreement be filed under seal or redacted.  If the

Court denies this request and orders the parties to file the Supplemental Agreement absent seal or

redaction, only then shall the parties file the Supplemental Agreement absent seal or redaction.

7.5     Unless otherwise ordered by the Court, in the event this Stipulation shall

terminate, or be canceled, or shall not become effective for any reason, within five (5) business

days after written notification of such event is sent by counsel for the Defendants or Lead

Counsel to the Escrow Agent, the Settlement Fund (including any interest accrued thereon), less

expenses which have either been disbursed pursuant to ¶¶2.10-2.12 hereof, or are chargeable to

the Settlement Fund pursuant to ¶¶2.10-2.12 hereof, shall be refunded by the Escrow Agent

pursuant to written instructions from Defendants' counsel.  The Escrow Agent or its designee

shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after

deduction of any fees or expenses incurred in connection with such application(s) for refund,

pursuant to written instructions from Defendants' counsel.

7.6     In the event that this Stipulation is not approved by the Court or the Settlement set

forth in this Stipulation is terminated or fails to become effective in accordance with its terms,

the Settling Parties shall be restored to their respective positions in the Litigation as of October

17, 2019.  In such event, the terms and provisions of this Stipulation, with the exception of

¶¶1.1-1.38, 2.10-2.12, 6.3-6.4, 7.5-7.7, 8.3, and 8.6 hereof, shall have no further force and effect

with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Lead Counsel or reasonable costs and expenses to Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.7     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Lead Counsel shall have any obligation to pay any amounts disbursed pursuant to ¶¶2.10-2.12.  In addition, any expenses already incurred pursuant to ¶¶2.10-2.12 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.12 and 7.5 hereof.

7.8     Defendants warrant that they are not insolvent, nor will the payment of the Settlement Amount render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.

7.9     If, before the Effective Date occurs, a case is commenced in respect of any of the Defendants or their insurers under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by or on behalf of

any other Defendant, then, at the election of Lead Plaintiff, as to the Defendant to whom such

order applies, the Settlement may be terminated and the Judgment entered in favor of such

Defendant pursuant to this Stipulation shall be null and void.  In such instance, the releases given

and the Judgments entered in favor of other Defendants shall remain in full force and effect.

Alternatively, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to

vacate and set aside the release given and the Judgment entered in favor of the Defendants and

that Defendants and Lead Plaintiff and the Members of the Class shall be restored to their

respective positions in the litigation as of October 17, 2019, and any cash amounts in the

Settlement Fund shall be returned as provided above.

**8.     Miscellaneous Provisions**

8.1     The Settling Parties (a) acknowledge that it is their intent to consummate this

Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

implement all terms and conditions of this Stipulation and to exercise their best efforts to

accomplish the foregoing terms and conditions of this Stipulation.

8.2     The Settling Parties intend this Settlement to be a final and complete resolution of

all disputes between them with respect to the Litigation.  The Settlement resolves claims which

are contested and shall not be deemed an admission by any Settling Party as to the merits of any

claim or defense.  The Settling Parties agree that, and the Judgment will contain a finding that,

during the course of the Litigation, the Settling Parties and their respective counsel at all times

complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties

agree that the Settlement Amount and the other terms of the Settlement were negotiated in good

faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after

consultation with competent legal counsel.  The Settling Parties further agree that the parties and

their counsel acted in good faith with respect to the Litigation and will not assert otherwise. Notwithstanding the foregoing, the Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3      Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim, or of any wrongdoing or liability of the Defendant Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendant Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

8.4      The Defendant Releasees may file this Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5      For purposes of this Settlement only, the Settling Parties agree to: (i) certification of the Litigation as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Class as defined in ¶1.4; (ii) the appointment of Lead Plaintiff as Class Representative for the Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Class pursuant to Fed. R. Civ. P. 23(g).

8.6     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement. Nothing herein shall be construed to prevent Defendants from complying fully with CAFA.

8.7     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.8     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9     This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.10     Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which Lead Counsel deems appropriate.

8.11     All counsel and any other Person executing this Stipulation and any of the Exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

8.12    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or via e-mail in .pdf format shall be deemed originals.

8.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.  No assignment shall relieve any party hereto of obligations hereunder.

8.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.  Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

8.15    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred from prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees.

8.16    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to that State's choice of law principles, except to the extent that federal law requires that federal law govern.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated March 18, 2020.

**FARUQI & FARUQI, LLP**

By: _Richard W. Gonnello_
      Richard W. Gonnello

Richard W. Gonnello
Katherine M. Lenahan
Sherief Morsy
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-0330
Fax: (212) 983-9331
rgonello@faruqilaw.com
msullivan@faruqilaw.com
smorsy@faruqilaw.com

*Lead Counsel for Lead Plaintiff*

**WILMER CUTLER PICKERING HALE & DORR LLP**

By: _____
      William H. Paine

Joseph J. Yu
WILMER CUTLER PICKERING HALE & DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6551
Fax: (212) 230-8888

William H. Paine (*pro hac vice to be filed*)
Alexandra C. Boudreau (*pro hac vice to be filed*)
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Defendants*

32

**FARUQI & FARUQI, LLP**

By: _____
       Richard W. Gonnello


Richard W. Gonnello
Katherine M. Lenahan
Sherief Morsy
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-0330
Fax: (212) 983-9331
rgonnello@faruqilaw.com
msullivan@faruqilaw.com
smorsy@faruqilaw.com

*Lead Counsel for Lead Plaintiff*

**WILMER CUTLER PICKERING HALE & DORR LLP**

By: _____
       William H. Paine

Joseph J. Yu
WILMER CUTLER PICKERING HALE & DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6551
Fax: (212) 230-8888

William H. Paine (*pro hac vice to be filed*)
Alexandra C. Boudreau (*pro hac vice to be filed*)
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Defendants*