**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: REVOLUTION LIGHTING TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:19-cv-00980-JPO |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, (i) Lead Plaintiff Fred Remer ("Lead Plaintiff"), on behalf of himself and each of the Class Members, and (ii) defendants Robert V. LaPenta, Charles J. Schafer, and James A. DePalma (together, "Individual Defendants") and Revolution Lighting Technologies, Inc. ("Revolution Lighting" or the "Company") (collectively, "Defendants"), have entered into the Stipulation of Settlement, dated March 18, 2020 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the class action pending before the Court entitled *In re: Revolution Lighting Technologies, Inc. Securities Litigation*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (the "Litigation"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meaning as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired publicly traded Revolution Lighting securities between March 14, 2014 and November 14, 2018, inclusive, and were damaged thereby.  Excluded from the Class are: (a) Persons who suffered no compensable

1

losses, *e.g.*, those who purchased or acquired Revolution Lighting securities during the Class

Period but sold prior to any alleged partial corrective disclosure; (b) Defendants; (c) the officers

and directors of the Company at all relevant times; (d) members of any Defendant's immediate

families; (e) any entity in which Defendants have or had a controlling interest; (f) the legal

representatives, heirs, successors, and assigns of such excluded parties; and (g) any Persons who

exclude themselves by submitting a request for exclusion that is accepted by the Court.

     3.     The Court finds, for the purposes of settlement only, that the prerequisites for a

class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is

impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of

Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and

Lead Counsel have and will continue to fairly and adequately represent the interests of the Class;

(e) the questions of law and fact common to the Members of the Class predominate over any

questions affecting only individual Class Members; and (f) a class action is superior to other

available methods for the fair and efficient adjudication of the controversy.

     4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

of settlement only, Lead Plaintiff is certified as the Class Representative on behalf of the Class

and Lead Counsel is hereby appointed as Class Counsel.

     5.     A hearing (the "Final Approval Hearing") shall be held before this Court on

August 11, 2020 at 11 a.m, at the United States District Court for the Southern District of New

York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, to

determine whether the proposed Settlement of the Litigation on the terms and conditions

provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the

Court; whether a Judgment as provided in ¶1.17 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses to be awarded to Lead Counsel; and to determine any award to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4). The Court may adjourn the Final Approval Hearing without further notice to the Members of the Class.

6. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and the Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶11-12 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. The firm of Epiq Class Action & Claims Solutions, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice program as well as the processing of claims as more fully set forth below.

8. The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage and administer the Settlement Fund for the benefit of the Class.

9. The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $150,000 from the Settlement Fund prior to the Effective Date to pay Notice and Administration Expenses. After the Effective Date, additional amounts, up to a total of $100,000, may be transferred from the Settlement Fund to pay for any additional Notice and Administration Expenses without

further order of the Court.  For any additional Notice and Administration Expenses above $100,000, Lead Counsel shall obtain Court approval for payments out of the Escrow Account.

10.     Not later than seven (7) calendar days after the Court signs and enters this Order, Revolution Lighting shall provide and/or cause its transfer agent to provide to Lead Counsel a list of the names and addresses of record owners of Revolution Lighting securities during the Class Period in a usable electronic format, such as an Excel spreadsheet.  This information shall be kept confidential and shall not be used for any purpose other than to provide the notice contemplated by this Order.

11.     Not later than twenty-one (21) business days after the Court signs and enters this Order (the "Notice Date"), the Claims Administrator shall mail, by First-Class Mail, postage prepaid, the Notice and Proof of Claim and Release to the list of record holders of Revolution Lighting securities, and shall post to its website at www.RevolutionLightingSecuritiesLitigation.com the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release.

12.     Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over *PR Newswire*.

13.     Nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim and Release form, either: (i) request additional copies of the Notice and Proof of Claim and Release to all beneficial owners for whom they are nominee or custodian and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners.  Additional copies of the Notice and

Proof of Claim and Release form shall be made available to any nominee or custodian requesting the same for the purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, up to $0.70 per unit if the nominee or custodian elects to undertake the mailing of the Notice and Proof of Claim and Release or up to $0.10 per name if the nominee or custodian provides the names and addresses to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

14.     As soon as practicable after receiving lists of beneficial owners from nominees and custodians, the Claims Administrator shall mail, by First-Class Mail, postage pre-paid, the Notice and Proof of Claim and Release to all Class Members whom the Claims Administrator identifies by reasonable efforts.

15.     Promptly upon receiving requests from Class Members, the Claims Administrator shall mail, by First-Class Mail, postage pre-paid, the Notice and Proof of Claim to such beneficial owners who request it, or otherwise instruct Class Members as to how to receive the Notice electronically and how to submit a Proof of Claim and Release form.

16.     At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

17.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked or

submitted electronically no later than July 30, 2020.  Any Class Member who does not timely

submit a Proof of Claim and Release within the time provided shall be barred from sharing in the

distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court,

but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the

foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by

the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized

Claimants is not materially delayed thereby.  No person shall have any claim against Lead

Plaintiff, Lead Counsel, or the Claims Administrator by reason of the decision to exercise such

discretion whether to accept late submitted claims.

18.     Class Members shall be bound by all determinations and judgments in this

Litigation, whether favorable or unfavorable, unless they request exclusion from the Class in a

timely and proper manner, as hereinafter provided.  A Class Member wishing to make such

request shall mail, by First-Class Mail, a request for exclusion in written form such that it is

received, not simply postmarked, on or before July 21, 2020, by the Claims Administrator at the

address designated in the Notice.  Such request for exclusion must state the name, address, and

telephone number of the Person seeking exclusion, must state that the sender requests to be

"excluded from the Class and does not wish to participate in the Settlement in *In re: Revolution

Lighting Technologies, Inc. Securities Litigation*, No. 1:19-cv-00980-JPO (S.D.N.Y.)," and must

be signed by such Person.  Such Persons requesting exclusion are also directed to state the

transaction information requested in the Notice, and provide copies of broker confirmations or

other documentation of those transactions.  The request for exclusion shall not be effective

unless it provides the required information and is made within the time stated above, or the

exclusion is otherwise accepted by the Court.  Class Members who timely (as determined by the

Court) and validly request exclusion from the Class shall not be bound by the Settlement and shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

19.     The Claims Administrator shall cause to be provided simultaneously to Lead Counsel and Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible.

20.     Any Member of the Class may enter an appearance in the Litigation at his, her, or its own expense, individually or through counsel of their own choice.  If such Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

21.     Any Member of the Class who has not timely and validly requested exclusion may appear at the Final Approval Hearing and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why fees, costs, and expenses should or should not be awarded to Lead Counsel or Lead Plaintiff; provided, however, that no Class Member shall be heard at the Final Approval Hearing or entitled to contest such matters, unless that Person has submitted said written objections and copies of any papers and briefs in support thereof with the Clerk of the United States District Court for the Southern District of New York at the address set forth below as well as mailed copies thereof by first-class mail to Lead Counsel and Defendants' Counsel at the addresses set forth below:

> **Clerk's Office**
> Clerk of the Court
> United States District Court
> Southern District of New York
> Thurgood Marshall U.S. Courthouse
> 40 Foley Square

New York, NY 10007

**<u>Lead Counsel</u>**
Richard W. Gonnello
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

**<u>Defendants' Counsel</u>**
William H. Paine
WILMER CUTLER PICKER HALE & DORR LLP
60 State Street
Boston, MA 02109

     22.     Such objections, papers, and briefs must be received or filed, not simply postmarked, on or before July 21, 2020.  Any Member of the Class who does not make his, her, or its objection in the manner and time provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of fees, expenses, and costs to Lead Counsel or Lead Plaintiff, unless otherwise ordered by the Court.  Attendance at the Final Approval Hearing is not necessary.  Class Members wishing to be heard orally in opposition to approval of any of the foregoing, however, are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing.  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must file a notice of appearance with the Court and effect service on the parties to the Litigation on or before July 21, 2020.

     23.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     All opening briefs and documents in support of final approval of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses or by Lead Plaintiff for his costs and expenses shall be filed and served by no later than July 7, 2020.  Replies to any objections shall be filed and served no later than August 4, 2020.

25.     The Defendant Releasees shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for payment of attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff shall be approved.

27.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligations to repay any amounts incurred or disbursed pursuant to ¶¶2.10-2.12 of the Stipulation.

28.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and shall not be construed as or deemed to be evidence of or an

admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

29.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

30.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Litigation as of October 17, 2019.

31.     Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiff nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

32.     Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, in the Summary Notice, or in the Judgment, is hereby stayed and all hearings, deadlines, and other proceedings in this Litigation, except the Final Approval Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

IT IS SO ORDERED.

Date: April 10, 2020

_____
J. PAUL OETKEN
United States District Judge