# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: REVOLUTION LIGHTING TECHNOLOGIES, INC. SECURITIES LITIGATION | No. 1:19-cv-00980-JPO |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**If you purchased or otherwise acquired Revolution Lighting Technologies, Inc. ("Revolution Lighting" or "RVLT") publicly traded securities during the period from March 14, 2014, through November 14, 2018, inclusive (the "Class Period"), and were damaged thereby, then you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This settlement notice (the "Notice") relates to a securities class action brought by investors who claim that the prices of Revolution Lighting securities were artificially inflated during the Class Period as a result of alleged false and/or misleading statements, in violation of the federal securities laws.

- On April 10, 2020, the Court preliminarily approved a settlement of this class action (the "Settlement"). This Settlement is with Defendants Revolution Lighting, Robert V. LaPenta, Charles J. Schafer, and James A. DePalma ("Defendants"). Defendants deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and, if so, how much money they could have won.

- The Settlement will provide a $2,083,333.33 Settlement Amount for the benefit of investors who purchased or otherwise acquired publicly traded Revolution Lighting securities during the Class Period and were damaged thereby.[1]

- In accordance with the fee agreement between Lead Plaintiff and the attorneys who have been appointed to represent the class ("Lead Counsel"), Lead Counsel will ask the Court for up to 33.33% of the Settlement Fund and up to $75,000 in reimbursement for expenses incurred in prosecuting this lawsuit. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award not to exceed $10,000 in total, for his reasonable time and expenses. If approved by the Court, these amounts (totaling approximately $0.09 per share) will be paid from the Settlement Fund.[2]

- The estimated average recovery, after deducting attorneys' fees and expenses and Lead Plaintiff's award (if approved by the Court), is $0.15 per share.

- **Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement dated March 18, 2020 (the "Stipulation").

[2] The estimated notice and claims administration costs for this Settlement, which shall be paid from the Settlement Fund, are $174,979. This cost is only an estimate, however, as the administration has not fully commenced as of the date of this Notice. Based on the estimate, the notice and claims administration costs per share would be approximately $0.02.

AA3051 v.12

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JULY 30, 2020** | The only way to get a payment. |
| **EXCLUDE YOURSELF BY JULY 21, 2020** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Revolution Lighting and the other Defendant Releasees (as defined below) about the Released Plaintiffs' Claims (as defined below). |
| **OBJECT BY JULY 21, 2020** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and payment of expenses, and/or an award to Lead Plaintiff. |
| **GO TO A HEARING ON AUGUST 11, 2020** | Ask to speak in Court about the Settlement at the Final Approval Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

### Statement of Plaintiff's Recovery

Lead Plaintiff has entered into a proposed Settlement with Defendants that, if approved by the Court, will resolve this Litigation in its entirety. Pursuant to the proposed Settlement, a Settlement Fund consisting of $2,083,333.33 in cash ("Settlement Amount"), plus any accrued interest (the "Settlement Fund"), has been established. Based on Lead Plaintiff's consulting expert's analysis, it is estimated that if Class Members submit claims for 100% of Revolution Lighting securities entitled to participate in the Settlement, the estimated average recovery per share would be $0.24 per share before deduction of Court-approved fees and expenses, and approximately $0.15 per share after Court-approved fees and expenses are deducted. As described more fully below in the Plan of Allocation beginning on page 10 an individual Class Member's actual recovery will depend on several factors, including: (a) the total number of claims submitted; (b) when the Class Member purchased Revolution Lighting securities during the Class Period; and (c) whether and when the Class Member sold his, her, or its Revolution Lighting securities.

### Statement of Potential Outcome of the Case

The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (a) whether the statements made or facts allegedly omitted were materially false or misleading, or otherwise actionable under the federal securities laws; (b) whether any allegedly false or misleading statements made by Defendants were made with the requisite level of intent or recklessness; (c) the amount by which the prices of Revolution Lighting securities were allegedly artificially inflated during the Class Period, if at all; (d) the appropriate economic models for measuring damages; (e) the extent to which external factors, such as general market, economic and industry conditions, or unusual levels of volatility, influenced the trading prices of Revolution Lighting securities at various times during the Class Period; (f) the extent to which the various matters that Lead Plaintiff alleged were materially false and misleading influenced the trading prices of Revolution Lighting securities during the Class Period, if at all; and (g) the extent to which the alleged omission of various allegedly adverse material facts influenced the trading prices of Revolution Lighting securities during the Class Period, if at all.

Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants believe that the evidence developed to date supports their position that they acted properly at all times and that the Litigation is without merit. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation. Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive. Defendants also have taken into account the uncertainty and risks inherent in

AA3052 v.12

any litigation, especially in complex cases such as this Litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## Statement of Attorneys' Fees and Expenses Sought

Lead Counsel has not received any payment for their services rendered or expenses incurred in conducting this Litigation on behalf of Lead Plaintiff and the Class. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of up to 33.33% of the Settlement Fund and up to $75,000 in reimbursement for expenses incurred in prosecuting this lawsuit. Lead Counsel also intends to ask the Court to grant Lead Plaintiff an award not to exceed $10,000 in total, for his reasonable time and expenses. If approved by the Court, these amounts (totaling approximately $0.09 per share) will be paid from the Settlement Fund.

## Identification of Attorneys' Representatives

Lead Plaintiff and the Class are represented by Faruqi & Faruqi, LLP, Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to Richard Gonnello, Faruqi & Faruqi, LLP, 685 Third Avenue, 26th Floor, New York, NY 10017, (212) 983-9330, rgonnello@faruqilaw.com.

## Reasons for the Settlement

For Lead Plaintiff, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the operative complaint; the uncertainty of having a class of Revolution Lighting investors certified; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the uncertainty inherent in the parties' various and competing theories of loss causation and damages; the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

## BASIC INFORMATION

### 1.    Why did I get this Notice?

The Court caused this Notice to be sent to people who may have purchased or otherwise acquired Revolution Lighting securities during the period from March 14, 2014 through November 14, 2018 ("Class Period"), both dates inclusive. The Court caused this Notice to be sent out because, if you purchased or otherwise acquired Revolution Lighting securities during that period, you have a right to know about the proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

The purpose of this Notice is to provide you with a Proof of Claim and Release form and information regarding the deadline to submit that form if you wish to receive a payment from the Settlement.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *In re: Revolution Lighting Technologies, Inc. Securities Litigation*, Case No. 1:19-cv-00980-JPO (S.D.N.Y.).

### 2.    What is a class action?

In a class action, one or more plaintiffs, called lead plaintiffs or class representatives, sue on behalf of people who have similar claims. The individuals and entities on whose behalf the class representative is suing are known as class members. One court resolves the issues in the case for all class members, except for those who choose to exclude themselves from the class if exclusion is permitted by applicable rules of procedure.

AA3053 v.12

## 3.    What is this lawsuit about?

Revolution Lighting designs and manufactures light-emitting diode lighting solutions for industrial, commercial, and government markets. Beginning in January 2019, four putative securities class action lawsuits were filed alleging violations of the federal securities laws by Defendants Revolution Lighting and Revolution Lighting's Chief Executive Officer Robert V. LaPenta and former Chief Financial Officers Charles J. Schafer and James A. DePalma. Mr. LaPenta, Mr. Schafer, and Mr. DePalma are referred to as the "Individual Defendants."

On July 29, 2019, the Court consolidated the actions under the caption *In re: Revolution Lighting Technologies, Inc. Securities Litigation,* Case No. 1:19-cv-00980-JPO (S.D.N.Y.) (the "Litigation"), and appointed Fred Remer ("Lead Plaintiff") to serve as Lead Plaintiff in the Litigation and appointed the law firm of Faruqi & Faruqi, LLP to serve as Lead Counsel on behalf of the Class.

The actions allege that Defendants made materially false and/or misleading statements during the Class Period concerning the Company's revenue, revenue recognition policies, the effectiveness of the Company's internal controls, and the Company's business in violation of Sections 10(b) and 20(a) of the Exchange Act. The actions further allege that the prices of Revolution Lighting securities were artificially inflated as a result of Defendants' actions and that investors suffered injury as a result of the alleged inflation.

The Litigation seeks money damages against Defendants for violations of the federal securities laws. Defendants deny any wrongdoing whatsoever.

## 4.    How and when was the Settlement reached?

On October 17, 2019, the parties engaged in an in-person mediation before Jed Melnick, Esq., a highly experienced securities litigation mediator. The mediation was preceded by submission of mediation statements and exhibits. Lead Plaintiff reached an agreement-in-principle with Defendants regarding the Settlement at the conclusion of the mediation session. Thereafter, Lead Plaintiff and Defendants executed the Stipulation to formalize their agreement.

The Settlement was reached after arm's-length negotiations between Lead Counsel and counsel for Defendants, and only after: (a) Lead Counsel conducted an investigation into the facts alleged in the Litigation; (b) Lead Counsel researched the applicable law with respect to the Class's claims against Defendants and the potential defenses thereto; (c) Lead Counsel consulted with experts regarding the facts of the case; and (d) the parties conducted a mediation and engaged in settlement negotiations.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

## 5.    How do I know if I am part of the Settlement?

Subject to certain exceptions identified below, everyone who fits this description is a Class Member and subject to the Settlement: *all persons and entities who purchased or otherwise acquired Revolution Lighting securities during the period from March 14, 2014 to November 14 2018, inclusive, and were damaged thereby.*

## 6.    Are there exceptions to being included?

Yes. There are some individuals and entities that are excluded from the Class by definition. Excluded from the Class are: (a) Persons who suffered no compensable losses, e.g., those who purchased or acquired Revolution Lighting securities during the Class Period but sold prior to any alleged partial corrective disclosure; (b) Defendants; (c) the officers and directors of the Company at all relevant times; (d) members of any Defendant's immediate families; (e) any entity in which Defendants have or had a controlling interest; (f) the legal representatives, heirs, successors, and assigns of such excluded parties; and (g) any Persons who timely and validly seek exclusion from the Class in accordance with the requirements explained in question 11 below.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help by calling (866) 977-0773 or visiting www.RevolutionLightingSecuritiesLitigation.com. You can also fill out and return the Proof of Claim and Release form described on page 5 in question 9, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and release of the Released Claims against the Defendant Releasees, Defendants have agreed to create a $2,083,333.33 fund. After deductions for Court-awarded attorneys' fees, interest, and expenses, settlement administration costs, and any applicable Taxes, the balance of the fund (the "Net Settlement Fund") will be distributed *pro rata* pursuant to the "Plan of Allocation" among all Class Members who send in valid Proof of Claim and Release forms.

The Plan of Allocation, which is subject to Court approval, is discussed in more detail on pages 10-13 of this Notice.

| 9. | How can I get a payment? When would I get my payment? |
|---|---|

To qualify for a payment, you must submit a timely and valid Proof of Claim and Release form with supporting documents. A Proof of Claim and Release form is being circulated with this Notice. You may also get a Proof of Claim and Release form on the Internet at www.RevolutionLightingSecuritiesLitigation.com. Read the instructions carefully, fill out the Proof of Claim and Release form, include all the documents the form asks for, sign it, and either mail it to the Claims Administrator by U.S. First-Class Mail or submit it through email at info@RevolutionLightingSecuritiesLitigation.com, such that your claim is postmarked (or received if sent via email) no later than **July 30, 2020**.

If you are a broker or nominee and elect to file claims electronically on behalf of multiple clients, please visit the "Nominees" section of the case website at www.RevolutionLightingSecuritiesLitigation.com for additional information on how to upload your master Proof of Claim and Release form and completed spreadsheet (such that they are received no later than **July 30, 2020**).

If you are not a broker or nominee, but have large numbers of transactions, you may request, or may be requested to, submit information regarding your transactions in electronic files. If you wish to submit your transaction data electronically, you must contact the Claims Administrator at (866) 977-0773 or visit their website at www.RevolutionLightingSecuritiesLitigation.com to obtain the required file layout. You must still timely submit a signed Proof of Claim and Release form by mail or through email as specified above.

No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data. All claimants MUST timely submit a signed Proof of Claim and Release form to be potentially eligible for a payment from this Settlement.

The Court will hold a Final Approval Hearing on **August 11, 2020**, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proof of Claim and Release forms to be processed. Please be patient.

| 10. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Released Plaintiffs' Claims" (as defined below) against the "Defendant Releasees" (as defined below).

"Released Plaintiffs' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known or unknown, direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation, that Plaintiff or any other member of the Class (a) asserted in the Complaints, or (b) could have asserted or could in the future assert in any court or forum based upon, relating to or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act or omissions that were alleged, set forth, or referred to in the Complaints and that relate in any way, directly or indirectly, to the purchase or sale of Revolution Lighting common stock during the Class Period. Released

AA3055 v.12

Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement or (ii) any Excluded Claims. "Released Plaintiffs' Claims" includes "Unknown Claims" as defined below.

"Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" includes "Unknown Claims" as defined below.

"Defendant Releasees" means the Defendants, their predecessors, successors, past, present and future parents, subsidiaries and affiliates, and their respective past or present general partners, limited partners, principals, members, officers, directors, trustees, employees, agents, attorneys, accountants, auditors, underwriters, investment advisors, insurers, co-insurers, reinsurers and related or affiliated entities, legal representatives, heirs, executors, and assigns, in their capacities as such.

"Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Defendant Releasees, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her, them, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers, and the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims, were separately bargained for and material elements of the Settlement.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you. You will be bound by the releases whether or not you submit a Proof of Claim and Release form and/or receive a payment under the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and the other Defendant Releasees, on your own, about the Released Plaintiffs' Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the Class.

## 11.  How do I get out of the proposed Settlement?

To exclude yourself from the Class, you must send a signed letter by mail stating that you request to be "excluded from the Class and do not wish to participate in the settlement in *In re: Revolution Lighting Technologies, Inc. Securities Litigation,* No. 1:19-cv-00980-JPO (S.D.N.Y.)." To be valid, the letter must state: (A) your name, address, telephone number, and signature; (B) the date, number, and dollar amount of all purchases, acquisitions, sales, or other dispositions of Revolution Lighting common stock or call options during the Class Period (March 14, 2014 through November 14, 2018, inclusive); and (C) sales and other dispositions of Revolution Lighting common stock in the 90-days after the Class Period (the opening of trading on November 15, 2018 through and including the close of

trading on February 12, 2019). **The letter must also be accompanied by copies of broker confirmations or other documentation of your transactions in Revolution Lighting securities.** You must mail your exclusion request and supporting documentation such that it is received, not simply postmarked, no later than **July 21, 2020** to:

*Revolution Lighting Securities Litigation* Exclusions
Claims Administrator
c/o Epiq
P.O. Box 4390
Portland, OR 97208-4390

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Defendant Releasees in the future.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Defendant Releasees for the same thing later? |
| --- | --- |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Defendant Releasees for any and all Released Plaintiffs' Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **July 21, 2020**.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
| --- | --- |

No. If you exclude yourself, you will not get money from the proposed Settlement.

## THE LAWYERS REPRESENTING THE CLASS

| 14. | Do I have a lawyer in this case? How will the lawyers be paid? |
| --- | --- |

The Court has appointed the law firm of Faruqi & Faruqi, LLP as Lead Counsel to represent Lead Plaintiff and all other Class Members in the Litigation.

You will not be separately charged for the fees or expenses of Lead Counsel appointed by the Court. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. *See also* Notice at 3 ("Statement of Attorneys' Fees and Expenses Sought"). If you want to be represented by your own lawyer, you may hire one at your own expense.

## OBJECTING TO THE SETTLEMENT

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If this is what you want to happen, you must object.

| 15. | How do I tell the Court that I do not like the proposed Settlement? |
| --- | --- |

If you are a Class Member you can object to the Settlement or any part of it, including but not limited to, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, or Lead Plaintiff's request for the award of his reasonable costs and expenses, and give reasons why you think the Court should not approve it.

Any objection must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must clearly identify:

- The case name and number (*In re: Revolution Lighting Technologies, Inc. Securities Litigation*, Case No. 1:19-cv-00980-JPO);

- Your full name, address, telephone number, and signature;

- Information sufficient to prove membership in the Class, including the number and type of Revolution Lighting securities purchased, acquired, or sold during the Class Period;

- All grounds for the objection, accompanied by any legal support known to you or your counsel;

- The identity of all counsel who represent you, if any;

- A statement confirming whether you or any counsel representing you intend to personally appear and/or testify at the Final Approval Hearing; and

- A list of any persons who may be called to testify and copies of any exhibits you intend to introduce into evidence at the Final Approval Hearing in support of your objection.

Your objection and any supporting papers must be submitted to the Clerk of the United States District Court for the Southern District of New York at the address set forth below as well as mailed by first-class mail to Lead Counsel and Defendants' Counsel at the addresses set forth below:

**Clerk's Office**
Clerk of the Court
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Lead Counsel**
Richard W. Gonnello
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, NY 10017

**Defendants' Counsel**
William H. Paine
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA 02109

Your objection and supporting papers must be received on or before **July 21, 2020**.

## 16. What is the difference between objecting and seeking exclusion?

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

## 17. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Final Approval Hearing at **11 a.m. on the 11th day of August, 2020**, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement, the application of Lead Counsel for attorneys' fees and payment of expenses, and the application for an award to Lead Plaintiff. The Court will take into consideration any written objections filed in accordance with the instructions in question 15. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to

speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 19 for more information about speaking at the hearing. After the hearing, the Court will decide whether to approve the Settlement, the proposed Plan of Allocation, and the other applications. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Final Approval Hearing without further notice to the Class. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

### 18.  Do I have to come to the Final Approval Hearing?

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 19.  May I speak at the Final Approval Hearing?

If you object to the Settlement, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection (*see* question 15 above) a statement stating that it is your "Notice of Intention to Appear in *In re Revolution Lighting Technologies, Inc. Securities Litigation*., Case No. 1:19-cv-00980-JPO (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses, and/or the application for an award to Lead Plaintiff and who desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Final Approval Hearing by the deadline identified, and in accordance with the procedures described in questions 15 and 17 above.

### IF YOU DO NOTHING

### 20.  What happens if I do nothing at all?

If you do nothing, you will get no money from the Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Defendant Releasees about the Released Plaintiffs' Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim and Release form (*see* question 9). To start, continue or be a part of any other lawsuit against the Defendants and the other Defendant Releasees about the Released Plaintiffs' Claims in this case you must exclude yourself from this Class (*see* question 11).

### GETTING MORE INFORMATION

### 21.  Are there more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.RevolutionLightingSecuritiesLitigation.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov, or by visiting the office of the Clerk of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, between 9:00 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the website dedicated to the Settlement, www.RevolutionLightingSecuritiesLitigation.com, where you will find answers to common questions about the Settlement, a Proof of Claim and Release form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment. You also can call the Claims Administrator at (866) 977-0773 toll-free; write to *Revolution Lighting Securities Litigation*, Claims Administrator c/o Epiq, P.O. Box 4390, Portland, OR 97208-4390; or visit the website of Lead Counsel at ***www.faruqilaw.com***.

AA3059 v.12

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Class Members.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formulas (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Revolution Lighting common stock and call option purchased or otherwise acquired during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Revolution Lighting securities were purchased or otherwise acquired during the Class Period, and in what amounts, and whether those securities were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Revolution Lighting common stock was artificially inflated throughout the Class Period. The estimated alleged artificial inflation in the price of Revolution Lighting common stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Revolution Lighting common stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Revolution Lighting common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Plaintiff has alleged that such price declines occurred on: September 22, 2017; August 2, 2018; August 3, 2018; August 6, 2018; October 17, 2018; October 22, 2018; and November 15, 2018 (the "Corrective Disclosure Dates"). Accordingly, if a share of Revolution Lighting common stock was sold before September 22, 2017, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, with respect to call options purchased during the Class Period, such options must have been open and outstanding at the opening of trading in the U.S. financial markets on one or more of the Corrective Disclosure Dates in order to have a Recognized Loss amount greater than $0.00.

| Table 1 | | |
| --- | --- | --- |
| **Artificial Inflation in Revolution Lighting Common Stock** | | |
| **From** | **To** | **Per-Share Price Inflation** |
| 3/14/2014 | 9/21/2017 | $4.12 |
| 9/22/2017 | 8/1/2018 | $2.80 |
| 8/2/2018 | 8/2/2018 | $2.26 |
| 8/3/2018 | 8/5/2018 | $1.92 |
| 8/6/2018 | 10/16/2018 | $1.69 |
| 10/17/2018 | 10/21/2018 | $0.72 |
| 10/22/2018 | 11/14/2018 | $0.57 |
| 11/15/2018 | Thereafter | $0.00 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Revolution Lighting common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Revolution Lighting common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Revolution Lighting common stock during the 90-Day Lookback Period. The Recognized Loss on Revolution Lighting common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Revolution Lighting common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00). Any transactions in Revolution Lighting securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of Revolution Lighting Common Stock

For each share of Revolution Lighting common stock purchased or otherwise acquired during the Class Period (i.e., March 14, 2014 through November 14, 2018, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

i.    For each share of Revolution Lighting common stock purchased during the Class Period that was sold prior to September 22, 2017, the Recognized Loss per share is $0.

ii.   For each share of Revolution Lighting common stock purchased during the Class Period that was subsequently sold during the period September 22, 2017 through November 14, 2018, both dates inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

iii.  For each share of Revolution Lighting common stock purchased during the Class Period that was subsequently sold during the period November 15, 2018 through February 12, 2019, both dates inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

   a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.   the purchase price minus the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

iv.   For each share of Revolution Lighting common stock purchased during the Class Period and still held as of the close of trading on February 12, 2019, the Recognized Loss per share is *the lesser of*:

   a.   the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.   the purchase price *minus* the average closing price of Revolution Lighting common stock during the 90-Day Lookback Period, which is $0.59.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 11/15/2018 | $0.85 | 12/17/2018 | $0.67 | 1/16/2019 | $0.57 |
| 11/16/2018 | $0.85 | 12/18/2018 | $0.66 | 1/17/2019 | $0.57 |
| 11/19/2018 | $0.81 | 12/19/2018 | $0.65 | 1/18/2019 | $0.57 |
| 11/20/2018 | $0.79 | 12/20/2018 | $0.64 | 1/22/2019 | $0.57 |
| 11/21/2018 | $0.77 | 12/21/2018 | $0.63 | 1/23/2019 | $0.58 |
| 11/23/2018 | $0.76 | 12/24/2018 | $0.62 | 1/24/2019 | $0.58 |
| 11/26/2018 | $0.75 | 12/26/2018 | $0.61 | 1/25/2019 | $0.58 |
| 11/27/2018 | $0.74 | 12/27/2018 | $0.60 | 1/28/2019 | $0.58 |
| 11/28/2018 | $0.73 | 12/28/2018 | $0.60 | 1/29/2019 | $0.58 |
| 11/29/2018 | $0.72 | 12/31/2018 | $0.59 | 1/30/2019 | $0.58 |

AA30511 v.12

| 11/30/2018 | $0.72 | 1/2/2019 | $0.58 | 1/31/2019 | $0.59 |
|---|---|---|---|---|---|
| 12/3/2018 | $0.72 | 1/3/2019 | $0.58 | 2/1/2019 | $0.59 |
| 12/4/2018 | $0.71 | 1/4/2019 | $0.58 | 2/4/2019 | $0.59 |
| 12/6/2018 | $0.70 | 1/7/2019 | $0.57 | 2/5/2019 | $0.59 |
| 12/7/2018 | $0.70 | 1/8/2019 | $0.57 | 2/6/2019 | $0.59 |
| 12/10/2018 | $0.70 | 1/9/2019 | $0.57 | 2/7/2019 | $0.59 |
| 12/11/2018 | $0.69 | 1/10/2019 | $0.57 | 2/8/2019 | $0.59 |
| 12/12/2018 | $0.69 | 1/11/2019 | $0.57 | 2/11/2019 | $0.59 |
| 12/13/2018 | $0.68 | 1/14/2019 | $0.57 | 2/12/2019 | $0.59 |
| 12/14/2018 | $0.68 | 1/15/2019 | $0.57 | | |

**Calculation of Recognized Loss for Call Options on Revolution Lighting Common Stock**

For each call option purchased or otherwise acquired during the Class Period (i.e., March 14, 2014 through November 14, 2018, both dates inclusive), the Recognized Loss per call option shall be calculated as follows:

i.   For each call option not held at the opening of trading on at least one of the Corrective Disclosure Dates as defined above, the Recognized Loss per call option is $0.00.

ii.  For each call option held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

   a.   that was subsequently sold during the Class Period, the Recognized Loss per call option is the purchase price *minus* the sale price.

   b.   that was subsequently exercised during the Class Period, the Recognized Loss per call option is the purchase price *minus* the intrinsic value of the option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Revolution Lighting common stock on the date of exercise minus the strike price of the option.

   c.   that expired unexercised during the Class Period, the Recognized Loss per call option is equal to the purchase price.

   d.   that was still held as of November 15, 2018, the Recognized Loss per call option is the purchase price *minus* the intrinsic value of the option as of the close of trading on November 15, 2018, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $0.85 minus the strike price of the option.

No loss shall be recognized based on a sale or writing of any call option that was subsequently repurchased, exercised or expired.

**INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS**

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Revolution Lighting securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Revolution Lighting securities during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Revolution Lighting common stock or call options were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Revolution Lighting securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Revolution Lighting securities.

AA30512 v.12

12

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Revolution Lighting securities held as of the close of trading on March 13, 2014 (the last day before the Class Period begins) and then against the purchases of Revolution Lighting securities during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Revolution Lighting securities, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Revolution Lighting common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Revolution Lighting common stock on the date of exercise. Any Recognized Loss arising from purchases of Revolution Lighting common stock acquired during the Class Period through the exercise of a call option on Revolution Lighting common stock shall be computed as provided for other purchases of Revolution Lighting common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a pro rata share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (i.e., that Authorized Claimant's recognized claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater.

Cumulative payments of all claims associated with call options will be limited to 1% of the Net Settlement Fund.[3] Thus, if the cumulative Recognized Loss amounts for call option claims exceeds 1% of all Recognized Losses, then the Recognized Loss for call option claims will be reduced proportionately until they collectively equal 1% of all Recognized Losses. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the Revolution Lighting common stock claims, any excess amount will be used to pay the balance on the remaining call option claims.

Class Members who do not submit an acceptable Proof of Claim and Release form will not share in the Settlement proceeds. The Settlement and the Judgment dismissing this Litigation with prejudice will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release form.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

The Defendants, their respective counsel, and all other Defendant Releasees will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution shall, if feasible, be reallocated in an equitable and economic fashion among Authorized Claimants who negotiated the checks sent in the initial distribution and would receive a minimum of $10.00. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s), which is not feasible or economical to reallocate among Authorized Claimants, shall be donated to Investor Protection Trust, a nationwide non-profit organization dedicated to providing investor education and advocacy.

---

[3] Call options account for less than 1% of the combined dollar trading volume of Revolution Lighting securities during the Class Period.

AA30513 v.12

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased or otherwise acquired Revolution Lighting securities during the period from March 14, 2014, through November 14, 2018, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name, last known addresses, and email addresses (to the extent known) of each person or organization for whom or which you purchased or otherwise acquired Revolution Lighting securities during such time period; or (b) request additional copies of this Notice and the Proof of Claim and Release form, and within ten (10) calendar days after receipt thereof, mail the Notice and Proof of Claim and Release form directly to the beneficial owners of those Revolution Lighting securities. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Revolution Lighting Securities Litigation*
Claims Administrator
c/o Epiq
P.O. Box 4390
Portland, OR 97208-4390
(866) 977-0773

Dated:    New York, NY
          May 11, 2020

By Order of the Court
CLERK OF THE COURT

*Revolution Lighting Securities Litigation*
**Claims Administrator**
**c/o Epiq**
**P.O. Box 4390**
**Portland, OR  97208-4390**
www.RevolutionLightingSecuritiesLitigation.com

# PROOF OF CLAIM AND RELEASE FORM

To be potentially eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form"). **This Claim Form must be postmarked (or received by email or electronic submission where applicable) no later than July 30, 2020.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator as specified herein.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| GENERAL INSTRUCTIONS | 1-2 |
| PART I – CLAIMANT INFORMATION | 3 |
| PART II – TRANSACTIONS IN REVOLUTION LIGHTING COMMON STOCK | 4-5 |
| PART III – TRANSACTIONS IN REVOLUTION LIGHTING COMMON STOCK CALL OPTIONS | 6-7 |
| PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGEMENTS | 8 |
| PART V – RELEASE | 8-9 |

## GENERAL INSTRUCTIONS

To recover as a Class Member based on your claims in the Action entitled *In re Revolution Lighting Technologies, Inc. Securities Litigation*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (the "Litigation"); you must complete and, on page 9 hereof, sign this Claim Form. If you fail to submit a timely and properly addressed (as set forth below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Lawsuit.

YOU MUST SUBMIT YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, SUCH THAT IT IS POSTMARKED (OR RECEIVED IF SENT VIA EMAIL TO INFO@REVOLUTIONLIGHTINGSECURITIESLITIGATION.COM, OR UPLOADED TO THE CASE WEBSITE BY A BROKER, NOMINEE, OR OTHER PERSON EXPRESSLY PERMITTED TO DO SO) **ON OR BEFORE JULY 30, 2020**, ADDRESSED AS FOLLOWS:

Revolution Lighting Securities Litigation
Claims Administrator
c/o Epiq
P.O. Box 4390
Portland, OR 97208-4390

If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Claim Form. Also, NOTE THAT CLAIMS CALCULATING TO AN AWARD LESS THAN $10.00 WILL **NOT** BE PAID.

If you are a Class Member and you did not timely request exclusion, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

**CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired Revolution Lighting Technologies, Inc. securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser, and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Information" to identify yourself and each owner of record ("nominee") if different from the beneficial owner of Revolution Lighting Technologies, Inc. common stock and call options that form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S), OF THE SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them, and their authority must accompany this claim, and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## CLAIM FORM

Use Parts II and III of this form to supply all required details of your transaction(s) in Revolution Lighting common stock, call options, and, whether such transactions resulted in a profit or a loss. If you need more space or additional schedules, attach separate sheets giving all the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all the requested information with respect to (1) all of your purchases, acquisitions, and sales of Revolution Lighting common stock that took place between March 14, 2014 and February 12, 2019, inclusive; (2) all of your purchases of Revolution Lighting call options that took place at any time from March 14, 2014 through November 14, 2018, inclusive.

You must also provide all the requested information with respect to all the Revolution Lighting Technologies, Inc. common stock and call options you held at the opening of trading on March 14, 2014, as well as with respect to the common stock held at the close of trading on February 12, 2019, and the call options held at the close of trading on November 14, 2018. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of the Revolution Lighting Technologies, Inc. common stock. The date of a "short sale" is deemed to be the date of sale of the Revolution Lighting Technologies, Inc. common stock.

**COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN REVOLUTION LIGHTING TECHNOLOGIES SECURITIES SHOULD BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.RevolutionLightingSecuritiesLitigation.com or email the Claims Administrator's electronic filing department at info@RevolutionLightingSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email.**

## PART I – CLAIMANT INFORMATION

Beneficial Owner's First Name           MI      Beneficial Owner's Last Name

Co-Beneficial Owner's First Name        MI      Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1

Address 2

City                                             State/Province      ZIP

Foreign Country

Day Phone                      Evening Phone

Email Address

Account Number

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership   ☐ Estate

☐ Trust

☐ Other _____

Enter Social Security Number or Taxpayer Identification Number Below for the Beneficial Owner(s):

Social Security No. (for individuals)            Taxpayer Identification No. (for estates, trusts, corporations, etc.)

[   ] – [  ] – [    ]      or      [  ] – [       ]

**PART II – TRANSACTIONS IN REVOLUTION LIGHTING TECHNOLOGIES, INC. COMMON STOCK**

**Beginning Holdings:**

1.  State the total number of Revolution Lighting Technologies, Inc. common stock owned at the opening of trading on March 14, 2014, long or short (*must be documented*).

**Purchases:**

2.  Separately list each and every purchase of Revolution Lighting Technologies, Inc. common stock during the period between March 14, 2014 and November 14, 2018, inclusive, and provide the following information (*must be documented*).

| Trade Date (List Chronologically) (MMDDYY) | Number of Shares Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) | Transaction Type (P/R)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*P – Purchase, R – Received (Transfer-In)

3.  Purchase from November 15, 2018 through February 12, 2019. State the total number of Revolution Lighting Technologies, Inc. common stock purchases at the opening of trading on November 15, 2018 through and including the close of trading February 12, 2019 (*Must be documented*). If none, write "zero" or "0".[1]

**Sales:**

4.  Separately list each and every sale of Revolution Lighting Technologies, Inc. common stock during the period between March 14, 2014 and February 12, 2019, inclusive, and provide the following information (*must be documented*).

| Trade Date (List Chronologically) (MMDDYY) | Number of Shares Sold | Price | Amount Received (Excluding Commissions, Taxes, and Fees) | Transaction Type (S/D)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1] Please note: Information requested with respect to your purchase of Revolution Lighting Technologies, Inc. common stock at the close of trading on November 15, 2018 through and including the close of trading on February 12, 2019 (Section 3) is needed in order to calculate your claim; purchases during this period however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

**04-CA5062**
AA3064 v.09

4

*S – Sale, D – Delivery (Transfer-Out)

**Ending Holdings:**

5.  State the total number of Revolution Lighting Technologies, Inc. common stock owned at the close of trading on February 12, 2019, long or short (*must be documented*).

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

    **If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**05-CA5062**
AA3065 v.09

## PART III – TRANSACTIONS IN REVOLUTION LIGHTING TECHNOLOGIES, INC. CALL OPTIONS

**1. HOLDINGS AS OF MARCH 14, 2014 –** State the total number of call options of Revolution Lighting Technologies, Inc. common stock held at the opening of trading on March 14, 2014 (*must be documented*).

**IF NONE, CHECK HERE** ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (MMDDYY) | Number of Call Option Contracts in Which You Had an Open Interest | Insert an "X" if Expired (Insert an "E" if Exercised) | Insert an "X" if Short |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**2. PURCHASES/ACQUISITIONS BETWEEN MARCH 14, 2014 AND NOVEMBER 14, 2018 –** Separately list each and every purchase/acquisition (including free receipts) of call options of Revolution Lighting Technologies, Inc. common stock during the period between March 14, 2014 and November 14, 2018, inclusive, and provide the following information (*must be documented*).

| Date of Purchase (List Chronologically) (MMDDYY) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (MMDDYY) | Number of Call Option Contracts Purchased | Purchase Price per Call Option Contract | Total Purchase Price (excluding taxes, commissions, and fees) | Insert an "X" if Expired (Insert an "E" if Exercised) | Exercise Date (MMDDYY) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

06-CA4502
AA3066 v.09

Case 1:19-cv-00980-JPO   Document 65-1   Filed 07/07/20   Page 22 of 25

**3. SALES BETWEEN MARCH 14, 2014 AND NOVEMBER 14, 2018** – Separately list each and every sale/disposition (including free deliveries) of call options of Revolution Lighting Technologies, Inc. common stock during the period between March 14, 2014 and November 14, 2018, inclusive, and provide the following information (*must be documented*).

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (MMDDYY) | Strike Price of Call Option Contract | Expiration Date of Call Option Contract (MMDDYY) | Number of Call Option Contracts Sold | Sale Price per Call Option Contract | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**4. HOLDINGS AS OF NOVEMBER 14, 2018** – State the total number of call options of Revolution Lighting Technologies, Inc. common stock held open at the close of trading on November 14, 2018 (*must be documented.*)

**IF NONE, CHECK HERE** ☐

| Strike Price of Call Option Contract | Expiration Date of Call Option Contract (MMDDYY) | Number of Call Option Contracts in Which You Had an Open Interest | Insert an "X" if Short |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.

07-CA4502
AA3067 v.09

**PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the Court, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Revolution Lighting Technologies, Inc. securities during the relevant period and know of no other person having done so on my (our) behalf.

**PART V – RELEASE**

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge, any and all of the Defendant Releasees from all Released Plaintiffs' Claims.

2. "Released Plaintiffs' Claims" means all individual, representative and class claims, causes of action or rights of recovery of every nature and description, whether known or unknown, direct or indirect, asserted or unasserted, foreseen or unforeseen, matured or unmatured, contingent or vested, whether arising under federal, state, local, statutory, common, foreign or other law, rule or regulation, that Plaintiff or any other member of the Class (a) asserted in the Complaints, or (b) could have asserted or could in the future assert in any court or forum based upon, relating to or arising from the allegations, transactions, facts, matters or occurrences, errors, representations, actions, failures to act or omissions that were alleged, set forth, or referred to in the Complaints and that relate in any way, directly or indirectly, to the purchase or sale of Revolution Lighting common stock during the Class Period. Released Plaintiffs' Claims do not include (i) any claims relating to the enforcement of the Settlement or (ii) any Excluded Claims. "Released Plaintiffs' Claims" includes "Unknown Claims" as defined below.

3. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement. "Released Defendants' Claims" includes "Unknown Claims" as defined below.

4. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or Class Members do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Defendant Releasees, and any Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiff Releasees, which, if known by him, her, them, or it, might have affected his, her, their, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Lead Plaintiff, other Class Members, or Defendants may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers, and the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims, were separately bargained for and material elements of the Settlement.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all my (our) transactions in Revolution Lighting Technologies, Inc. securities that occurred during the relevant period, as well as the number of Revolution Lighting Technologies, Inc. securities held by me (us) at the close of trading on November 14, 2018, and February 12, 2019.

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL THE INFORMATION I (WE) PROVIDED ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE.

Signature of claimant
(If this claim is being made on behalf of joint claimants, then each must sign)

| | Date: | MM | – | DD | – | YYYY |
|---|---|---|---|---|---|---|

(Signature)

| | Date: | MM | – | DD | – | YYYY |
|---|---|---|---|---|---|---|

(Signature)

(capacity of person[s] signing, e.g., beneficial purchaser[s], executor, administrator, or trustee) (See page 2 for instructions.)

**THIS CLAIM FORM MUST BE POSTMARKED** (OR RECEIVED IF SENT VIA EMAIL TO INFO@REVOLUTIONLIGHTINGSECURITIESLITIGATION.COM, OR UPLOADED TO THE SETTLEMENT WEBSITE BY A BROKER, NOMINEE, OR OTHER PERSON EXPRESSLY PERMITTED TO DO SO) **NO LATER THAN JULY 30, 2020, AND MUST BE MAILED TO:**

Revolution Lighting Securities Litigation
Claims Administrator
c/o Epiq
P.O. Box 4390
Portland, OR 97208-4390

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by July 30, 2020, and if a postmark is indicated on the envelope and it is mailed first-class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

**REMINDER CHECKLIST**

○ Please be sure to sign this Claim Form. If this Claim Form is submitted on behalf of joint claimants, then both claimants must sign.

○ Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

○ Do NOT use highlighter on the Claim Form or any supporting documents.

○ If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address.

# INTENTIONALLY LEFT BLANK

 010-CA5062
AA30610 v.09

10