# Exhibit A

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
**Washington, D.C. 20549**

———————

# FORM 8-K

———————

**CURRENT REPORT**
**Pursuant to Section 13 or 15(d)**
**of the Securities Exchange Act of 1934**

**Date of Report (Date of earliest event reported): April 24, 2020**

———————

# REVOLUTION LIGHTING TECHNOLOGIES, INC.
**(Exact name of registrant as specified in its charter)**

———————

| **Delaware** | **000-23590** | **59-3046866** |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

| **177 Broad Street,** | |
|---|---|
| **Stamford, Connecticut** | **06901** |
| (Address of principal executive offices) | (Zip Code) |

**Registrant's telephone number, including area code: (203) 504-1111**

**(Former name or former address, if changed since last report)**

———————

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (*see* General Instruction A.2. below):

☐    Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐    Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐    Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐    Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock, $0.001 par value | RVLT | N/A |

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company  ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act.  ☐

**Item 8.01**          **Other Events.**

Revolution Lighting Technologies, Inc. (the "Company") today issued a press release announcing that on April 10, 2020 the Honorable J. Paul Oetken of the United States District Court for the Southern District of New York (the "Court") granted preliminary approval of the proposed settlement (the "Proposed Settlement") of the consolidated shareholder derivative actions (the "Derivative Actions") filed by Russell Hopewell, Craig Coleman, George Assad, Bill Jenkins, Ronald Persin, Betsy Wages, Dale Barton, Robert Flos and Giovanni Vecchiato (each, a "Plaintiff", collectively the "Plaintiffs"), purported purchasers of the Company's stock. The Derivative Actions named the Company as a nominal defendant and also named as defendants present and former members of the Company's board of directors, including Robert V. LaPenta, James A. DePalma, William D. Ingram, Stephen G. Virtue, Dennis McCarthy, Charles J. Schafer, Robert A. Basil, Jr. and Robert V. LaPenta, Jr. (the "Individual Defendants").

The Derivative Actions allege that certain current and former directors and certain former executive officers of the Company breached their fiduciary duties and violated Section 10(b) of the Exchange Act of 1934, as amended, and Securities and Exchange Commission Rule 10b-5 in connection with public statements made between March 14, 2014 and November 14, 2018 regarding the Company's recognition of revenue and internal controls over financial reporting. The Individual Defendants have denied, and continue to deny, each and every claim and contention alleged by the Plaintiffs in the Derivative Actions and affirm that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times.

The Proposed Settlement involves instituting and maintaining corporate governance reforms and other non-monetary relief, which are described in the Notice of Pendency and Proposed Settlement of Stockholder Derivative Actions (the "Notice of Pendency").

The Court set a settlement hearing on August 11, 2020 to determine: (i) whether the terms of the Proposed Settlement are fair, reasonable, and adequate, and in the best interests of the Company; (ii) whether the Notice of Pendency fully satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process; (iii) whether the Final Order and Judgement should be entered dismissing the Derivative Actions with prejudice, releasing the Company and Individual Defendants from certain claims in accordance with the Proposed Settlement; (iv) whether the amount of attorneys' fees and expenses to be awarded to the Plaintiffs' counsel is fair and reasonable; and (v) any other matters that come before the Court.

The full text of the press release issued in connection with this announcement and the Notice of Pendency are filed as Exhibits 99.1 and 99.2, respectively, to this Current Report on Form 8-K. The information contained therein is incorporated herein by reference. A link to the Notice of Pendency is also available under the "Investor Relations" section of the Company's website.

Neither the filing of these exhibits to this Current Report on Form 8-K nor the inclusion in them of references to the Company's internet address shall, under any circumstances, be deemed to incorporate the information available at its internet address into this Current Report on Form 8-K. The information available at the Company's internet address is not part of this Current Report on Form 8-K or any other report filed by the Company with the Securities and Exchange Commission.

**Item 9.01**      **Financial Statements and Exhibits.**

(d) Exhibits

**Exhibit**

| No. | Description |
| --- | --- |
| 99.1 | Press Release of Revolution Lighting, Inc., dated April 24, 2020 |
| 99.2 | Notice of Pendency and Proposed Settlement of Stockholder Derivative Actions |

SIGNATURE

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Date: April 24, 2020

REVOLUTION LIGHTING TECHNOLOGIES, INC.

By: /s/ Robert V. LaPenta, Sr.
  Robert V. LaPenta, Sr.
  Chief Executive Officer and President

**Exhibit 99.1**



**Revolution Lighting Announces Proposed Settlement and Settlement Hearing**

STAMFORD, Conn., April 24, 2020 (GLOBE NEWSWIRE) — Revolution Lighting Technologies, Inc. (OTC: RVLT) ("Revolution Lighting" or the "Company"), a global provider of advanced LED lighting solutions, announced today that a settlement hearing will be held on August 11, 2020 at 11:30 a.m., (or at such other date and time as the Court may direct without further notice) before the Honorable J. Paul Oetken, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007 in the matter of *In Re Revolution Lighting Technologies, Inc. Derivative Action*, Case No. 1:19-cv-03913 (the "Settlement Hearing").

The parties have reached an agreement in principle to settle this matter (the "Proposed Settlement"). On April 10, 2020, Judge Oetken granted preliminary approval for the Proposed Settlement and scheduled the Settlement Hearing for August 11, 2020, which is being held to determine: (i) whether the terms of the Proposed Settlement are fair, reasonable, and adequate, and in the best interests of the Company; (ii) whether the Notice of Pendency and Proposed Settlement of Stockholder Derivative Actions (the "Notice") fully satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process; (iii) whether the Final Order and Judgement should be entered dismissing the derivative actions with prejudice, releasing the Company and individual defendants from certain claims as set forth in the Proposed Settlement; (iv) whether the amount of attorneys' fees and expenses to be awarded to the Plaintiffs' counsel is fair and reasonable; and (v) any other matters that come before the court. A copy of the Summary Notice of Pendency and Proposed Settlement of Stockholder Derivative Actions is attached hereto as Exhibit A.

Any Company stockholder may appear at the Settlement Hearing and show cause, if he, she, or it has any reason why the settlement of the action embodied in the Stipulation and Agreement of Settlement and as described in the Company's current report on Form 8-K filed today with Securities and Exchange Commission ("SEC") should not be approved as fair, reasonable and adequate, or why the final order and judgement should or should not be entered, or why the fee and expense award should not be awarded. To object, the stockholder must follow the procedures outlined in the Notice.

There can be no assurance that the settlement will receive final approval from the court. Please refer to the Notice for more information about the Proposed Settlement and Settlement Hearing.

**About Revolution Lighting**

Revolution Lighting Technologies, Inc. designs, manufactures and sells LED lighting solutions focusing on the industrial, commercial and government markets. Through advanced LED technologies, Revolution Lighting has created an innovative lighting company that offers a comprehensive advanced product platform of high-quality interior and exterior LED lamps and fixtures, including signage and control systems. Revolution Lighting is uniquely positioned to act as an expert partner, offering full-service lighting solutions through our operating divisions including Energy Source, Multi-Family and Tri-State LED to transform lighting into a source of superior energy savings, quality light and well-being. Revolution Lighting Technologies markets and distributes its products through a network of regional and national independent sales representatives and distributors, as well as through energy savings companies and national accounts.

**Forward-looking statements**

Except for statements of historical fact, the matters discussed herein are "forward-looking statements" within the meaning of the applicable securities laws and regulations. The words "will," "may," "estimates," "expects," "intends," "plans," "believes" and similar expressions are intended to identify forward-looking statements, although not all

forward-looking statements contain these identifying words. Forward-looking statements, including statements regarding the Proposed Settlement or the Settlement Hearing, involve risks and uncertainties that may cause actual results to differ materially from those stated here. There are factors that could cause actual results to differ materially from those in the forward-looking statements. Forward-looking statements reflect the Company's views as of the date hereof. The Company does not undertake to revise these statements to reflect subsequent developments.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE REVOLUTION LIGHTING
TECHNOLOGIES, INC. DERIVATIVE ACTION,    Lead Case No. 1:19-cv-03913

This Document Relates To:

ALL ACTIONS

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF STOCKHOLDER DERIVATIVE ACTIONS**

TO:    ALL RECORD OR BENEFICIAL OWNERS OF REVOLUTION LIGHTING TECHNOLOGIES, INC. SECURITIES AS OF JANUARY 30, 2020:

YOU ARE HEREBY NOTIFIED pursuant to the Court's Preliminary Approval Order,[1] a hearing will be held on August 11, 2020, at 11:30 a.m., before the Honorable J. Paul Oetken or such other judge as may be sitting in his place and stead, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 (or at such a date and time as the Court may direct without further notice) for the purpose of determining: (i) whether the terms of a proposed settlement of the above-captioned action, in accordance with the Stipulation of Settlement entered into by the Settling Parties, dated January 30, 2020 (the "Stipulation") are fair, reasonable, and adequate, and in the best interests of Revolution, Inc. ("Revolution"); (ii) whether the Notice of Pendency and Proposed Settlement of Stockholder Derivative Actions ("Notice") fully satisfies

---

[1]    The capitalized terms used in this Notice and not otherwise defined herein shall have the same meaning as in the Stipulation of Settlement (the "Stipulation") dated January 30, 2020, which is available on the website of Revolution at https://ir.rvlti.com/.

---

the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process; (iii) whether the Final Order and Judgment[2] should be entered dismissing the above- captioned matters with prejudice, releasing the Released Persons from the Released Claims; (iv) whether the amount of attorneys' fees and expenses to be awarded to Plaintiffs' Counsel is fair and reasonable; and (v) any other matters that come before the Court.

The Actions allege that certain current and former directors and certain former executive officers of Revolution breached their fiduciary duties and violated Section 10(b) of the Exchange Act of 1934 and SEC Rule 10b-5 in connection with public statements made between March 14, 2014 and November 14, 2018 regarding the Company's recognition of revenue and internal controls over financial reporting.

The Settlement consists of the adoption by Revolution of certain corporate governance reforms. **The Actions are not "class actions" and no individual stockholder has the right to receive any direct recovery from the Settlement.** The Settlement, if approved by the Court, will fully and finally resolve the issues raised in the Actions. Upon entry of the Final Judgment, all of Plaintiffs' Released Claims against the Defendants shall be dismissed with prejudice and the Released Persons shall be released form the Released Claims.

If you have not already reviewed the full Notice and the Stipulation (along with its exhibits), those documents are available on Revolution's website at https://ir.rvlti.com/, and you are encouraged to review them. This Summary Notice should be read in conjunction with, and is qualified by reference to, the full Notice and the Stipulation.

---

[2]    Except for terms defined herein, capitalized terms shall have the same meaning as defined in Stipulation, which is available for review on the website of Revolution at https://ir.rvlti.com/.

---

If you are a record or beneficial holder of Revolution securities as of January 30, 2020, your rights will be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Revolution securities. Any Current Revolution Stockholder may appear at the Settlement Hearing and show cause, if he, she, or it has any reason why the Settlement of the Actions embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why the Final Order and Judgment should or should not be entered, or why the Fee and Expense Award should not be awarded (an "Objection"). Stockholders cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.

To object, the stockholder must: (a) file a written Objection stating name, legal address and telephone number, the case name and number (*In Re Revolution Lighting Technologies, Inc. Derivative Action*, Case No. 1:19-cv-03913) and stating all reasons for the Objection; (b) give proof of current ownership of Revolution common stock, including the number of shares and documentary evidence of when such stock ownership was acquired; (c) clearly identify any and all evidence that would be presented at the Settlement Hearing in connection with such Objection, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony; and (d) identify any case, by name, court, and docket number, in which the objector or his, her, or its attorney, if any, has objected to a settlement in the last three years. Any written Objection shall be filed with the Clerk of the Court at least 21 calendar days prior to the Settlement Hearing, at the below address:

**CLERK OF COURT**

United States Courthouse

40 Foley Square

New York, NY 10007

Unless the Court otherwise directs, any Current Revolution Stockholder who does not make his, her, or its Objection in the manner provided in the preceding paragraph of this Summary Notice shall be deemed to have waived such Objection, shall be bound by the Final Order and Judgment, and shall forever be foreclosed from: (a) making any objections to the fairness, adequacy, or reasonableness of the Settlement; or (b) making any objections to the fairness and reasonableness of the Fee and Expense Award.

**PLEASE DO NOT TELEPHONE THE COURT, COURT CLERK'S OFFICE, OR ANY REPRESENTATIVE OF REVOLUTION REGARDING THIS NOTICE.**

Exhibit 99.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE REVOLUTION LIGHTING
TECHNOLOGIES, INC. DERIVATIVE ACTION,     Lead Case No. 1:19-cv-03913

This Document Relates To:
              ALL ACTIONS

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
## OF STOCKHOLDER DERIVATIVE ACTIONS

**TO:    ALL CURRENT RECORD OR BENEFICIAL OWNERS OF REVOLUTION LIGHTING TECHNOLOGIES, INC. SECURITIES AS OF JANUARY 30, 2020:**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. IT CONTAINS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF STOCKHOLDER DERIVATIVE ACTIONS (THE "ACTIONS"), AND CLAIMS ASSERTED ON BEHALF OF REVOLUTION LIGHTING TECHNOLOGIES, INC. ("REVOLUTION" OR THE "COMPANY").**

**IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE ACTIONS, STOCKHOLDERS OF REVOLUTION WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**THESE ACTIONS ARE NOT CLASS ACTIONS. THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.**

### PURPOSE OF THIS NOTICE

This Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions (the "Notice") is provided to Revolution stockholders pursuant to an order of the United States District Court for the Southern District of New York (the "Court"). This is not a solicitation from a lawyer. The Court has not determined the merits of Plaintiffs' claims or Defendants' defenses. By this Notice, the Court does not express any opinion as to the merits of any claim or defense asserted by any party in the Actions.

The purpose of this Notice is to advise you that, pursuant to the Court's Preliminary Approval Order,[1] a hearing will be held on August 11, 2020, at 11:30 a.m., before the Honorable J. Paul Oetken or such other judge as may be sitting in his place and stead, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 (or at such a date and time as the Court may direct without further notice) (the "Settlement Hearing") to determine: (i) whether the terms of a proposed settlement (the "Settlement") of the derivative actions described below is fair, reasonable, adequate, and in the best interests of Revolution; (ii) whether this Notice fully satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process; (iii) whether the Final Order and Judgment should be entered dismissing the above-captioned matter with prejudice, releasing the Released Persons from the Released Claims; (iv) whether the amount of attorneys' fees and expenses to be awarded to Derivative Plaintiffs' Counsel is fair and reasonable; and (v) any other matters that come before the Court. You have an opportunity to be heard at this hearing.

The Court may adjourn the Settlement Hearing by oral or other announcement at such hearing or make any other adjournment without further notice of any kind. The Court may approve the Settlement with or without modification, enter the Final Order and Judgment, and order the payment of the Fee and Expense Award without further notice of any kind.

The terms and conditions of the proposed Settlement are summarized in this Notice and set forth in full in the Stipulation.

---

[1]   The capitalized terms used in this Notice and not otherwise defined herein shall have the same meaning as in the Stipulation of Settlement (the "Stipulation") dated January 30, 2020, which is available on the website of Revolution at https://ir.rvlti.com/.

## I.    BACKGROUND OF THE DERIVATIVE ACTIONS

### A.    Filing of the Derivative Actions

Revolution designs, manufactures, markets, and sells light-emitting diode ("LED") lighting solutions for various usages to industrial, commercial, and government markets. Plaintiffs allege that from 2014 through 2018, the Company improperly recorded its revenue using the bill-and- hold method of revenue accounting. In August 2018, Revolution disclosed that the Company had identified certain deficiencies in its revenue recognition patterns, which Plaintiffs allege were later revealed to have rendered the Company's previously issued financial statements incorrect and resulted in excessive inventory. Specifically, Revolution concluded that the timing of this revenue recognition was incorrect, such that its annual reported revenue should have been less in 2014 to 2016 by, respectively, about $5 million, $7 million, and $5 million, and its revenue should have been more in 2017 and the first half of 218 by about, respectively, $11 million and $3 million. By October 2018, the SEC was investigating Revolution's revenue recognition practices for its financial statements covering 2014 through the second quarter of 2018. . Due to the alleged deficiencies related to its internal controls, Revolution was unable to timely file its periodic reports with the SEC, and on May 8, 2019, the Company disclosed that its common stock was at risk of delisting from the NASDAQ for failure to file its annual report for the fiscal year ended December 31, 2018 and its quarterly report for the fiscal quarter ended September 30, 2018.

The Actions allege that certain current and former directors and certain former executive officers of Revolution breached their fiduciary duties and violated Section 10(b) of the Exchange Act of 1934 and SEC Rule 10b-5 in connection with public statements made between March 14, 2014 and November 14, 2018 regarding the Company's recognition of revenue and internal controls over financial reporting.

### i.    The New York Action

On May 1, 2019, plaintiffs Russell Hopewell and Craig Holman filed a shareholder derivative action in this Court on behalf of Revolution, asserting claims including breach of fiduciary duty, waste, gross mismanagement, and violations of Section 10(b) of the Exchange Act of 1934 and SEC Rule 10b-5. On May 8, 2019, plaintiff George Assad filed a second derivative action in this Court. On June 10, 2019, the Court consolidated the two derivative actions pending in the Southern District of New York. On August 9, 2019, the Court stayed the New York Action pending a scheduled mediation between the Settling Parties.

### ii.    The Connecticut Actions

On April 26, 2019, plaintiff Bill Jenkins filed a shareholder derivative action in the United States District Court for the District of Connecticut (the "Connecticut Court") on behalf of Revolution, asserting claims including breach of fiduciary duty, unjust enrichment, abuse of control, and gross mismanagement. On May 10, 2019, plaintiff Ronald Persin filed a second derivative action in the Connecticut Court, alleging substantially similar claims as the *Jenkins* Action as well as claims against certain Individual Defendants for violations of Section 14(a). On May 13, 2019, plaintiff Betsy Wages filed a third derivative action in the Connecticut Court, and on June 3, 2019, plaintiffs Dale Barton, Robert Flos, and Giovanni Vecchiato filed a fourth derivative action in the Connecticut Court. On June 28, 2019, the Connecticut Court consolidated the four derivative actions pending in the District of Connecticut under the caption, *Jenkins, et al. v. LaPenta, et al.*, Case No. 19-cv-621. Case No. 19-cv-621, Dkt. 21. On August 13, 2019, the Connecticut Court stayed the Connecticut Action pending a scheduled mediation between the Settling Parties.

### B.    The Settlement Negotiations

Beginning in July 2019, counsel for the Settling Parties engaged in extensive efforts to reach a "global resolution" of the Actions. On October 17, 2019, the Settling Parties conducted a mediation session with an experienced mediator, Jed Melnick, Esq. of JAMS. The mediation proved successful as the Settling Parties agreed in principle to resolve the Actions, subject to documentation and execution of a final settlement agreement.

Over the following several weeks, the Settling Parties engaged in further extensive efforts regarding the terms of the final settlement agreement. On January 30, 2020, the Settling Parties signed and entered into the Stipulation.

## II.    SUMMARY OF THE SETTLEMENT TERMS

The terms and conditions of the proposed Settlement are set forth fully in Exhibit A (the "Reforms") of the Stipulation. The following is only a summary of its terms.

Revolution will institute and maintain a host of corporate governance reforms including: devotion of necessary resources to file necessary periodic reports with the SEC to regain compliance with NASDAQ listing requirements, if the Board concludes being listed on a national exchange is in the best interests of shareholders; institution of controls regarding inventory and revenue recorded using bill and hold revenue accounting; development of a Corporate Compliance Committee to oversee and respond to compliance and regulatory risks facing the Company; creation of a Corporate Compliance Officer to oversee Revolution's ethics and compliance program and to assist the Board and its Audit Committee in fulfilling their oversight duties; adherence by the Audit Committee to certain duties with respect to accounting and ethics; retention of an independent consultant to conduct an annual materiality/risk analysis if the Company remains public; notification of the Company's whistleblower policies to its employees; enhanced review of related party transactions; adherence by the Board's Nominating and Governance Committee

to certain duties and responsibilities with respect to Board composition and governance practices; adherence by the Board's Compensation Committee to review incentives for risk-taking, among other things; periodic reporting by the Company's Chief Financial Officer (or his/her designee); and, institution of annual employee training regarding the Company's Code of Conduct and compliance. Furthermore, if the Company remains public, Revolution will adopt certain reforms regarding the composition and practices of its Board, with respect to director independence, attendance of annual meetings, and review of shareholder proposals.

These reforms shall go into effect within 60 days of issuance of a final order approving the settlement of the Actions by the Court and remain in effect for no less than five (5) years from the Effective Date of the Settlement. Moreover, Revolution acknowledges and agrees that the Reforms confer a substantial benefit on the Company and its shareholders.

## III.    RELEASE AND DISMISSAL

The Settlement calls for the Releasing Parties, including Plaintiffs (on behalf of themselves, all Current Revolution Stockholders and, derivatively, on behalf of Revolution), their Related Persons, and anyone making claims through or on behalf of any of them, to release any and all of the Released Claims against each and all of the Released Persons, as defined in the Stipulation. The term "Released Claims" shall collectively mean, all claims (including Unknown Claims), demands, debts, losses, damages, duties, rights, disputes, actions, causes of action, liabilities, obligations, judgments, suits, matters, controversies, proceedings, or issues, of any kind, nature, character, or description whatsoever (and including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary, or otherwise, and any and all fees, costs, interest, expenses, or charges), whether known or unknown, contingent or absolute, suspected or unsuspected, foreseen or unforeseen, disclosed or undisclosed, concealed- or hidden; apparent or not apparent, accrued or unaccrued, matured or unmatured, liquidated or

not liquidated, asserted or unasserted, at law or in equity, that have been asserted, could have been asserted, or in the future could be asserted by Plaintiffs, Revolution, and/or any Revolution stockholder derivatively on behalf of Revolution against any Released Persons in the Actions or in any

other court, tribunal, forum or proceeding (including, but not limited to, any claims arising under U.S. federal, state or local law, foreign law, common law, statutory law, administrative law, rule, regulation, or at equity), relating to alleged fraud, breach of any duty (including, but not limited to, breaches of fiduciary duties, breaches of the duty of care, or breaches of the duty of loyalty), negligence or gross negligence, mismanagement or gross mismanagement, corporate waste, abuse of control, unjust enrichment, disgorgement, recoupment, contribution or indemnification, violations of the federal securities laws, or otherwise, whether individual, class, direct, derivative, representative, legal, equitable or any other type, or in any other capacity, that are based upon, arising from, or related to: (i) the claims, facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act, or any other circumstances, which were alleged or referred to in the Actions; (ii) any of the Company's public disclosures or filings with the SEC up to the Effective Date of the Settlement; (iii) any compensation, pay, bonus, severance, or benefits received by any Released Person, as relating to or in connection with any allegations made in the Actions; and/or (iv) the settlement of the Actions and the reasonable attorneys' fees, costs, and expenses incurred in defense thereof.

Excluded from the term Released Claims are all claims, rights, or causes of action or liabilities whatsoever related to the enforcement of the Settlement, including, without limitation, any of the terms of the Stipulation or orders or judgments issued by the courts in connection with this Settlement.

Should the Court approve the Settlement and enter the Final Order and Judgment in the above-captioned matter, all of Plaintiffs' Released Claims against the Defendants shall be dismissed with prejudice and the Released Persons shall be released from the Released Claims.

## IV.    PLAINTIFFS COUNSEL'S POSITION CONCERNING SETTLEMENT

Plaintiffs' Counsel believe that the claims asserted in the Actions have substantial merit yet support settling the Actions because they believe that a settlement of the Actions on the terms provided for in the Stipulation is fair, reasonable, and adequate and provides substantial benefits to the Company and its stockholders based upon the terms and procedures outlined therein (and summarized herein).

Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs' Counsel are also mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Actions.

## V.    DEFENDANTS' POSITION CONCERNING SETTLEMENT

The Individual Defendants have denied, and continue to deny, each and every claim and contention alleged by Plaintiffs in the Actions and affirm that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times. Further, the Individual Defendants have denied expressly, and continue to deny, all allegations of wrongdoing, fault, liability, or damage against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions and deny that they have ever committed or attempted to commit any violations of law, any breach of fiduciary duty owed to Revolution or its stockholders, or any wrongdoing whatsoever. Had the terms of this Stipulation not been reached, the Individual Defendants would have continued to contest vigorously Plaintiffs' allegations, and the Individual Defendants maintain that they had and have meritorious defenses to all claims alleged in the

Actions. Without admitting the validity of any of the claims that Plaintiffs have asserted in the Actions, or any liability with respect thereto, Defendants have concluded that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein. Defendants are entering into this Settlement because it will eliminate the uncertainty, distraction, disruption, burden, and expense of further litigation of the Actions. Neither this Stipulation, nor any of its terms or provisions, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is, may be construed as, or may be used as an admission of, or evidence of, the truth or validity of any of the Released Claims, of any claims or allegations made in the Actions, or of any purported acts or omissions by the Defendants; (b) is, may be construed as, or may be used as an admission of, or evidence of, any fault, omission, negligence, or wrongdoing by the Defendants, or any concession of liability whatsoever; or (c) is, may be construed as, or may be used as an admission of, or evidence of, a concession by any Defendant of any infirmity in the defenses that Defendants asserted or could have asserted in these Actions or otherwise.

## VI.    PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSE AWARD

Plaintiffs' Counsel have asked the Court to approve an agreed-to award of attorneys' fees and expenses that have been incurred or will be incurred in connection with the Actions in the amount of $583,333.33 (the "Fee and Expense Award"), to be paid by Revolution's insurer, as appropriate consideration for the substantial benefits conferred upon Revolution as a result of the prosecution and settlement of the Actions.

## VII.    THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Current Revolution Stockholder may appear at the Settlement Hearing and show cause, if he, she, or it has any reason why the Settlement of the Actions embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why the Final Order and Judgment should or should not be entered, or why the Fee and Expense Award should not be awarded (an "Objection"). Stockholders cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement.

To object, the stockholder must: (a) file a written Objection stating name, legal address and telephone number, the case name and number (*In Re Revolution Lighting Technologies, Inc. Derivative Action*, Case No. 1:19-cv-03913) and stating all reasons for the Objection; (b) give proof of current ownership of Revolution common stock, including the number of shares and documentary evidence of when such stock ownership was acquired; (c) clearly identify any and all evidence that would be presented at the Settlement Hearing in connection with such Objection, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony; and (d) identify any case, by name, court, and docket number, in which the objector or his, her, or its attorney, if any, has objected to a settlement in the last three years. Any written Objection shall be filed with the Clerk of the Court at least 21 calendar days prior to the Settlement Hearing, at the below address:

**CLERK OF COURT**

United States Courthouse

40 Foley Square

New York, NY 10007

Any Current Revolution Stockholder wishing to be heard at the Settlement Hearing is required to include a notice of intention to appear at the Settlement Hearing together with his, her, or its written Objection. A Current Revolution Stockholder who fails to file a written Objection may be excused by the Court for good cause and appear at the Settlement Hearing. Unless the Court otherwise directs, any Current Revolution Stockholder who does not make his, her, or its Objection in the manner provided in the preceding paragraph of this Notice shall be deemed to have waived such objection, shall be bound by the Final Order and Judgment, and shall forever be foreclosed from (a) making any objections to the fairness, adequacy, or reasonableness of the Settlement, or (b) making any objections to the fairness and reasonableness of the Fee and Expense Award.

## VIII.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned on the occurrence of certain events described in the Stipulation, including entry of the Final Order and Judgment by the Court. If, for any reason, any one of the conditions described in the Stipulation is not met and the entry of the Final Order and Judgment does not occur, the Stipulation might be terminated and, if terminated, will become null and void and the parties to the Stipulation will be restored to their respective positions as of January 30, 2020.

## IX.   EXAMINATION OF PAPERS AND INQUIRIES

This notice summarizes the proposed settlement. For the precise terms and conditions of the Settlement, please see the settlement agreement available on Revolution's website at https://ir.rvlti.com/, by contacting Plaintiffs' Counsel at (212) 935-7400, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of New York, 40 Foley Square, New York, NY 10007, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

Any other inquiries regarding the Settlement or the Actions should be addressed in writing to the following:

**Counsel for Plaintiffs**

Matthew M. Houston
Glancy Prongay & Murray, LLP
712 Fifth Avenue
New York, NY 10019

**Counsel for Defendants**

William H. Paine
Wilmer Cutler Pickering Hale
and Dorr LLP
60 State Street
Boston, Massachusetts 02109

**PLEASE DO NOT TELEPHONE THE COURT, COURT CLERK'S OFFICE, OR ANY
REPRESENTATIVE OF REVOLUTION REGARDING THIS NOTICE**