**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: REVOLUTION LIGHTING
TECHNOLOGIES, INC. SECURITIES
LITIGATION

No. 1:19-cv-00980-JPO

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE CLASS ACTION
SETTLEMENT AND LEAD COUNSEL'S MOTION FOR (1) AN AWARD OF
ATTORNEYS' FEES AND EXPENSES AND (2) AN AWARD FOR LEAD PLAINTIFF**

Lead Plaintiff Fred Remer ("Lead Plaintiff"), on behalf of himself and the Class, and Lead Counsel respectfully submit this memorandum of law in further support of Lead Plaintiff's Motion For Final Approval of the Class Action Settlement ("Final Approval Motion") (ECF No. 66) and Lead Counsel's Motion for (1) an Award of Attorneys' Fees and Expenses and (2) an Award for Lead Plaintiff ("Fee Motion") (ECF No. 69) (collectively, the "Motions").[1]

## PRELIMINARY STATEMENT

Lead Plaintiff and Lead Counsel are pleased to advise the Court that the deadline for objections and requests for exclusions has passed and there are no objections to the proposed Settlement, Plan of Allocation, or the requests for attorneys' fees, reimbursement of expenses, and an award for Lead Plaintiff (collectively, "Fee Requests"). *See* Suppl. Epiq Decl. at ¶¶4-6. Although 28,950 Notices and Proof of Claim and Release forms (the "Notice Packet") have been mailed to potential Class Members and nominees, only one request for exclusion has been received. *See id.* at ¶¶3, 5. Additionally, the dispute pertaining to the interpretation of the Stipulation with respect to Wendy Graham's and Patrick Graham's status as Class Members, *see* ECF No. 73, has been resolved after further discussions among the parties and the mediator.

Thus, Lead Plaintiff and Lead Counsel respectfully submit that the Class's reaction further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of

---

[1]     Unless otherwise noted, the following conventions are used herein: (a) all emphases are added; (b) all internal citations and quotations are omitted; (c) all capitalized terms have the meaning ascribed to them in the Stipulation of Settlement dated March 18, 2020 ("Stipulation"), ECF No. 58; (d) all references to the "Epiq Mailing Decl." are to the Declaration of Michael McGuinness Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion, ECF No. 65; (e) all references to the "Supplemental Epiq Declaration" or "Suppl. Epiq Decl." are to the Supplemental Declaration of Michael McGuinness Regarding: (A) Mailing of the Notice and Claim Form; and (B) Report on Requests for Exclusion, filed herewith; (f) all references to the "Gonnello Reply Decl." are to the Declaration of Richard W. Gonnello, filed herewith; and (g) all page references are to a document's native pagination unless unavailable, in which case the ECF-stamped pagination is used.

Allocation, and the Fee Requests.

**ARGUMENT**

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrate why approval of the Motions is warranted.  *See* ECF Nos. 65-72.  Further support for the Settlement has also been provided by the mediator in this Action, Jed Melnick, who filed a declaration explaining, *inter alia*, his belief that the Settlement is "fair and reasonable in light of the strengths and weakness of the claims, the financial situation of Defendant Revolution Lighting [], and the limited insurance proceeds available to Defendants for these and other claims."  ECF No. 76 at ¶4.  Mr. Melnick is also in agreement with Lead Plaintiff and Lead Counsel that "better terms could not have been achieved" in this Action, and that continued litigation would serve to diminish the available insurance proceeds, which would have resulted in a less favorable outcome for the Class.  *See id.*; *see also* ECF No. 67 at 5-20 (brief in support of Final Approval Motion, discussing, *inter alia*, the risks facing the litigation, including Revolution Lighting's financial position, and why additional recovery from the Company and the Individual Defendants is unlikely).[2]

Now that the deadline for objecting or requesting exclusion has passed, the lack of any objections from the Class and the lone request for exclusion provides additional support for approval of the Motions.

## I.   THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Pursuant to the Court's Preliminary Approval Order, 28,950 copies of the Notice Packet

---

[2]     Indeed, as of this filing, Revolution Lighting's stock is trading over-the-counter at approximately $0.15 per share, suggesting that additional recovery from the Company remains unlikely.  *See* RVLT, Yahoo! Finance, https://finance.yahoo.com/quote/RVLT/ (last visited Aug. 4, 2020).

have been mailed to potential Class Members and nominees.  *See* Suppl. Epiq Decl., ¶3.  The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount up to 33.33% of the Settlement Fund and reimbursement of litigation expenses in an amount up to $75,000, and that Lead Plaintiff may seek an award of up to $10,000.  *See* Epiq Mailing Decl., Ex. A at 1, 3.  The Notice also informed Class Members of their right to object to the proposed Settlement, the Plan of Allocation, the requests for attorneys' fees and expenses, Lead Plaintiff's award, and the July 21, 2020 deadline for filing objections and requests for exclusion.  *See id.* at 2, 6-8.

The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice Packet, and the deadlines for the submission of Proof of Claim forms, objections, and requests for exclusion, was published in *Investor's Business Daily* and transmitted over *PR Newswire*.  *See* Epiq Mailing Decl. at ¶13.  The Claims Administrator also established a case-specific website that provided information about the deadlines and made copies of the Stipulation, Notice Packet, and other relevant documents available.  *Id.* at ¶16.

Shortly after the Final Approval and Fee Motions were filed on July 7, 2020, a disagreement arose over the interpretation of the Stipulation with respect to whether Wendy and Patrick Graham, the plaintiffs in the opt-out action entitled *Graham v. Revolution Lighting Techs., Inc., et al.*, No. 19-cv-8337-JPO (S.D.N.Y.) ("*Graham* Action"), are Class Members.  *See* Gonnello Reply Decl. at ¶3.  On July 21, 2020, the Grahams' counsel filed a letter with the Court concerning the issue which stated, "[t]o the extent that this issue is not resolved prior to the Final Approval Hearing, the Grahams are reserving their right to object to the Settlement."  ECF No. 73 at 1.

Lead Counsel, the Grahams' counsel, and Defendants' counsel have since worked

together with the mediator, Jed Melnick, to come to a resolution that protects the Settlement and resolves any ambiguity with respect to the Grahams' status as Class Members. Gonnello Reply Decl. at ¶6.

Lead Plaintiff and Defendants agree to construe the Stipulation such that Ms. Graham is a Class Member, her Proof of Claim and Release form will be processed like those of other Class Members, and her claims will be released like those of other Class Members in this Action. *See id.* at ¶7. Ms. Graham will also release her claims in the *Graham* Action pursuant to a separate agreement with Defendants. *See id.* Mr. Graham, who has opted out of the Class, will not receive anything from the Net Settlement Fund. *See id.* at ¶8; Epiq Mailing Decl., Ex. D. The Grahams' counsel recently filed a letter notifying the Court that the issues raised in their prior letter have been resolved, that "the Grahams no longer have any reservations as to the proposed settlement" in this Action and support the Settlement's approval. ECF No. 79.

Thus, this issue has been resolved, and no objections to any aspect of the Settlement or Plan of Allocation exist. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly supports a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). As numerous courts have noted, the absence of any objections to the Settlement weighs in favor of final approval. *See, e.g., City of Providence v. Aeropostale, Inc.*, No. 11 Civ. 7132 (CM) (GWG), 2014 WL 1883494, at *5 (S.D.N.Y. May 9, 2014) (stating that "the absence of objections may itself be taken as evidencing the fairness of a settlement[]"). The absence of objections also supports approval of the Plan of Allocation. *See In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the

Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Similarly, the fact that only one request for exclusion was received further supports approval of the Settlement. *See Christine Asia Co., Ltd. v. Yun Ma*, No. 1:15-md-02631 (CM) (SDA), 2019 WL 5257534, at *11 (S.D.N.Y. Oct. 16, 2019) (finding that the class's reaction to the settlement supported approval where only a "few" class members opted out); *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 176 (S.D.N.Y. 2014) ("The absence of . . . objections and minimal investors electing to opt out of the Settlement provides evidence of Class members' approval of the terms of the Settlement.").

## II.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE FEE REQUESTS

As noted above, the Notice informed Class Members that Lead Counsel would apply for an award of attorneys' fees in an amount up to 33.33% of the Settlement Fund, payment of litigation expenses in an amount up to $75,000, and an award for Lead Plaintiff up to $10,000. *See* Epiq Mailing Decl., Ex. A at 1, 3. The Notice also informed Class Members of their right to object to these requests and the July 21, 2020 deadline for filing such objections. *See id.* at 2, 6-8.

On July 7, 2020, Lead Counsel filed the Fee Motion seeking an award of 33.33% of the Settlement Fund, reimbursement of $49,640.94 in expenses, and an award of $10,000 to Lead Plaintiff for his reasonable costs and expenses directly related to his representation of the Class in this Action pursuant to 15 U.S.C. § 78u-4(a)(4). *See generally* ECF No. 70. The deadline for objections has passed and no objections have been received. *See* ECF No. 64 at ¶22; Suppl. Epiq. Decl., ¶6.

As is true for the Settlement and Plan of Allocation, the absence of any objections to the Fee Requests weighs strongly in favor of approval. *See In re FLAG Telecom Holdings Ltd. Sec. Litig.*, No. 02-CV-3400(CM)(PED), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (stating that the absence of objections to counsels' fee and expense request "attests to the approval of the Class" and supports approval); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10-12 (S.D.N.Y. Nov. 7, 2007) (providing that the class's reaction to fee requests "is entitled to great weight by the Court" and granting requests for attorneys' fees, reimbursement of expenses, and an award to Lead Plaintiff where no objections to these requests were received).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the opening papers filed in support of the Motions, Lead Plaintiff and Lead Counsel respectfully request that the Court grant the Final Approval Motion and Fee Motion in their entirety.

Dated:  August 4, 2020

Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:_____ */s/ Richard W. Gonnello*
Richard W. Gonnello

Richard W. Gonnello
Katherine M. Lenahan
685 Third Avenue, 26th Floor
New York, NY 10017
Ph: (212) 983-9330
Fx: (212) 983-9331
E-mail: rgonnello@faruqilaw.com
klenahan@faruqilaw.com

*Attorneys for [Proposed] Class Representative Fred Remer and [Proposed] Class Counsel for the [Proposed] Settlement Class*

7