**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: REVOLUTION LIGHTING
TECHNOLOGIES, INC. SECURITIES
LITIGATION

No. 1:19-cv-00980-JPO

**DECLARATION OF RICHARD W. GONNELLO IN FURTHER SUPPORT OF
LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE CLASS ACTION
SETTLEMENT AND LEAD COUNSEL'S MOTION FOR (1) AN AWARD OF
ATTORNEYS' FEES AND EXPENSES AND (2) AN AWARD FOR LEAD PLAINTIFF**

I, Richard W. Gonnello, declare as follows:

1.       I am a member in good standing of the bar of the State of New York and am admitted to this Court.  I am a partner in the law firm of Faruqi & Faruqi, LLP ("Lead Counsel"), which represents Lead Plaintiff Fred Remer and the proposed Class in the above-captioned securities class action pending in this Court (the "Action").[1]  I have personal knowledge of the matters set forth herein and, if called upon, I could and would competently testify thereto.

2.       On July 7, 2020, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Motions.  *See* ECF Nos. 65-72.

3.       Shortly after the Motions were filed, a disagreement arose over the interpretation of the Stipulation with respect to whether Wendy and Patrick Graham, the plaintiffs in the opt-out action, *Graham v. Revolution Lighting Techs., Inc., et al.*, No. 19-cv-8337-JPO (S.D.N.Y.)

---

[1]       Unless otherwise noted, the following conventions are used herein: (a) all capitalized terms have the meaning ascribed to them in the Stipulation of Settlement dated March 18, 2020 ("Stipulation") (ECF No. 58); (b) all references to "Motions" refer to the Motion For Final Approval of the Class Action Settlement (ECF No. 66) and Lead Counsel's Motion for (1) an Award of Attorneys' Fees and Expenses and (2) an Award for Lead Plaintiff (ECF No. 69) and (c) all page references are to a document's native pagination unless unavailable, in which case the ECF-stamped pagination is used.

("*Graham* Action"), are Class Members.

4.      Lead Counsel subsequently had discussions with Defendants' counsel, the Grahams' counsel, and the mediator the parties originally worked with, Jed Melnick, Esq., to explore a potential resolution to this disagreement.

5.      On July 21, 2020, the Grahams' counsel filed a letter with the Court concerning this issue which stated, "[t]o the extent that this issue is not resolved prior to the Final Approval Hearing, the Grahams are reserving their right to object to the Settlement."  ECF No. 73 at 1.

6.      Lead Counsel, the Grahams' counsel, Defendants' counsel, and the mediator have since worked together to reach a resolution that protects the Settlement and resolves any ambiguity with respect to the Grahams' status as Class Members.

7.      Based upon the negotiations, Lead Plaintiff and Defendants agree to construe the Stipulation such that Ms. Graham is a Class Member, her Proof of Claim and Release form will be processed like those of other Class Members, and her claims will be released like those of other Class Members.  *See* Declaration of Jed D. Melnick in Support of Final Approval of Settlement, ECF No. 76 at ¶4.  Ms. Graham will also release her claims in the *Graham* Action pursuant to a separate agreement with Defendants.  *See id.*

8.      Mr. Graham, because he has opted out of the Settlement, will not receive any distribution from the Net Settlement Fund.  *See id.* at ¶4; ECF No. 73 at 1.

9.      The Grahams' counsel has filed a letter notifying the Court that the issues raised in their prior letter have been resolved, that "the Grahams no longer have any reservations as to the proposed settlement" in this Action and support the Settlement's approval.  ECF No. 79.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

2

Dated:  August 4, 2020

*/s/ Richard W. Gonnello*
Richard W. Gonnello

2